UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC,<br><br>Defendant. | C.A. No. 2:22-cv-11684-SJM-EAS |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM AND FOR COSTS AND SANCTIONS AGAINST DEFENDANT SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC**

Plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Property and Casualty Insurance Company (collectively, "Allstate") hereby respectfully move this Honorable Court pursuant to Fed. R. Civ. P. 37 for an order (1) compelling defendant Southeast Michigan Surgical Hospital, LLC ("SE MI Hospital") to produce relevant and discoverable information and documents in its possession that were duly requested by Allstate in accordance with Fed. R. Civ. P. 33 and 34, and (2) awarding Allstate its costs, including attorney's fees, incurred in relation to this motion to compel.

The undersigned certifies that Allstate has complied with the requirements of Local Rules 7.1 and Federal Rule of Civil Procedure 37(a)(1) in an attempt to resolve or narrow the areas of disagreement and to obtain concurrence in the relief sought herein. Counsel for Allstate and SE MI Hospital had multiple, lengthy discussions concerning SE MI Hospital's outstanding discovery obligations, including the inadequacies in SE MI Hospital's production of documents and answers to interrogatories. Allstate also prepared and proposed a comprehensive stipulation to address deficiencies with SE MI Hospital's responses and set deadlines related thereto, but SE MI Hospital flatly advised that it would not agree to a stipulation.

WHEREFORE, for the reasons set out herein and detailed in the attached brief in support of this motion to compel and for costs and sanctions, Allstate respectfully requests that this Honorable Court enter an Order compelling the defendants to produce the information and documents requested by Allstate, and awarding Allstate its costs and attorney's fees incurred for having to file this motion.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

KTM

*/s/ Andrew H. DeNinno*

Nathan A. Tilden (P76969)
ntilden@ktmpc.com
Andrew H. DeNinno
adeninno@ktmpc.com
William G. Potter
wpotter@ktmpc.com
350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214

38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

*Attorneys for Allstate*

Dated: June 6, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiffs,

v.

SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC,

Defendant.

C.A. No. 2:22-cv-11684-SJM-EAS

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM AND FOR COSTS AND SANCTIONS AGAINST DEFENDANT SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC**

# TABLE OF CONTENTS

Table of Contents ..... i

Issues Presented ..... iii

Table of Authorities ..... iv

Brief in Support of Motion to Compel ..... 1

I. Introduction ..... 1

II. Relevant Background ..... 2

III. Discussion ..... 3

A. Standard of Review ..... 3

B. Allstate's Discovery Requests Are Relevant and Proportional ..... 4

1. Importance of Issues ..... 5

2. Amount in Controversy ..... 5

3. Importance of the Information and Documents Sought by Allstate ..... 6

4. The Parties' Resources and Burden ..... 7

C. Specific Improper Responses by SE MI Hospital ..... 8

1. SE MI Hospital's Objections Are Waived ..... 8

2. SE MI Hospital's Objections and Answers to Interrogatories Are Inconsistent with Applicable Rules and Law ..... 9

3. SE MI Hospital's Objections and Responses to Requests for Production Are Inconsistent with Applicable Rules and Law ... 16

a. Emails and Text Messages ..... 17

        b. Patient Files ....................................................................19

c. Financial Records ..............................................................20

d. Other Documents ...............................................................21

IV. Requested Relief ..........................................................................23

A. Order That SE MI Hospital Has Waived Objections by Failing to Timely Respond to Discovery ..........................................................23

B. Order That SE MI Hospital Produce All Documents Sought by Allstate's Requests for Production as Addressed Above .................23

C. Order That SE MI Hospital Respond to Interrogatories in Full.......24

D. Award Allstate Costs and Sanctions Pursuant to Rule 37................24

## ISSUES PRESENTED

1. Should the Court order that SE MI Hospital has waived objections by failing to timely respond to discovery?

   Allstate Answers: Yes

   SE MI Hospital Answers: No

2. Should the Court order that SE MI Hospital produce the documents requested by Allstate?

   Allstate Answers: Yes

   SE MI Hospital Answers: No

3. Should the Court order SE MI Hospital to respond to Allstate's Interrogatories?

   Allstate Answers: Yes

   SE MI Hospital Answers: No

4. As a result of SE MI Hospital's conduct, should the Court award Allstate its costs and attorney's fees incurred in preparing and filing the instant motion pursuant to Fed. R. Civ. P. 37(a)?

   Allstate Answers: Yes

   SE MI Hospital Answers: No

# TABLE OF AUTHORITIES

## CASES

Caldwell v. 9173-7999 Québec, Inc., 2019 U.S. Dist. LEXIS 2179539 (E.D. Mich. Dec. 19, 2019) ........................................................................8

Couch v. United States, 409 U.S. 322, 335 (1973) ................................................14

Firneno v. Nationwide Marketing Services, Inc., 2015 U.S. Dist. LEXIS 195322 (E.D. Mich. Dec. 10, 2015)........................................................................8

In re Subpoena to Testify before Grand Jury, 787 F. Supp. 722 (E.D. Mich. 1992) ........................................................................14

Lewis v. ACB Bus. Services, 135 F.3d 389 (6th Cir. 1998) ........................................................................3

Martinez v. Blue Star Farms, Inc., 325 F.R.D. 212 (W.D. Mich. 2018) ................25

Owen v. Conto, 2020 Mich. App. LEXIS 55 (Jan. 7, 2020) ...........................5, 7, 17

Rockwell Med., Inc. v. Richmond Bros., Inc., 2017 U.S. Dist. LEXIS 57313 (E.D. Mich. Apr. 14, 2017).....................................4

Spectrum Health Hosps. v. Farm Bureau Mut. Ins. Co., 960 N.W.2d 186 (Mich. Ct. App. 2020).........................................................*passim*

State Farm Mut. Auto. Ins. Co. v. Angelo, 2020 U.S. Dist. LEXIS 211341 (E.D. Mich. Nov. 12, 2020) ..............................................................*passim*

State Farm Mut. Auto. Ins. Co. v. Elite Health Ctr., 364 F. Supp. 3d 758 (E.D. Mich. 2018).........................................................8

State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc., 2019 U.S. Dist. LEXIS 110767 (E.D. Mich. July 2, 2019).......................................7

State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, 255 F. Supp. 3d 700 (E.D. Mich. 2017)...............................................4, 5

## RULES

Federal Rule of Civil Procedure 26 ....................................................................3, 4

Federal Rule of Civil Procedure 33 ........................................................................8

Federal Rule of Civil Procedure 34 ........................................................................8

Federal Rule of Civil Procedure 37 .................................................................*passim*

Plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Property and Casualty Insurance Company (collectively, "Allstate") submit the within brief in support of their motion to compel interrogatory responses and production of documents from and for costs and sanctions against defendant Southeast Michigan Surgical Hospital, LLC ("SE MI Hospital").

## I. INTRODUCTION

Allstate served interrogatories and requests for production of documents on SE MI Hospital on November 30, 2023. *See* Exhibits A and B. SE MI Hospital belatedly served interrogatory answers on February 2, 2024, and only after insistence by Allstate. *See* Exhibit C. SE MI Hospital responded to Allstate's requests for documents even more belatedly on February 14, 2024. *See* Exhibit D. Shortly after receiving SE MI Hospital's interrogatory answers, Allstate requested a conference pursuant to Local Rule 7.1 to determine whether SE MI Hospital would agree to supplement its clearly deficient discovery responses. During that conference, it was agreed that the parties would attempt mediation before raising discovery disputes with the Court, and that mediation began on April 22, 2024 with the Hon. Victoria Roberts (Ret.) and continued for a period of time thereafter. When it became clear that a resolution was not imminent, the parties reconvened the Local Rule 7.1 conference, but were unable to reach an agreement on the issues that are the subject of this motion.

Accordingly, and for the reasons discussed herein, Allstate respectfully requests that the Court grant Allstate's motion to compel. Allstate further requests an award of costs, including attorney's fees, incurred in bringing this motion to compel and with respect to Allstate's significant pre-filing efforts to obtain the discovery to which it is entitled, as required by Fed. R. Civ. P. 37(a)(5)(A).

## II. RELEVANT BACKGROUND

As detailed in Allstate's Complaint (*ECF No. 1*), this litigation arises out of an extensive scheme in which SE MI Hospital sought to obtain payments of No-Fault benefits from Allstate to which it was not entitled. The Complaint alleges with particularity the manner in which the defendants carried out that scheme, including billing for services that were not actually rendered (id. at ¶¶ 89-142), fraudulently billing multiple times for identical services (id. at ¶¶ 143-195), billing for treatment that was not medically necessary (id. at ¶¶ 196-305), utilizing improper and deceptive billing practices (id. at ¶¶ 306-372), and billing amounts that were grossly excessive and unreasonable (id. at ¶¶ 373-391). Allstate's allegations have already withstood a motion to dismiss filed by SE MI Hospital. *See* ECF No. 49.

Allstate alleges substantial damages as a result of this conduct, and through this litigation seeks to recover payments of more than $2,397,000, an award of treble damages under the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq.*, and a declaratory judgement that it is not obligated

to pay the defendants for their outstanding bills seeking payments of additional No-Fault benefits.  *See* ECF No. 1.  Thus, this litigation is both highly fact intensive and involves a substantial amount of money in dispute.  As detailed below, the discovery sought by Allstate is proportional to the scope and needs of this case.

## III.   DISCUSSION

### A.   STANDARD OF REVIEW

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The scope of discovery under the Federal Rules of Civil Procedure is traditionally very broad.  *See* Lewis v. ACB Bus. Services, 135 F.3d 389, 402 (6th Cir. 1998).

Federal Rule of Civil Procedure 37(a)(3) permits a party to move for an order compelling discovery.  The rule provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if the opposing party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection –requested under Rule 34."  Fed. R. Civ. P. 37(a)(3).

## B. ALLSTATE'S DISCOVERY REQUESTS ARE RELEVANT AND PROPORTIONAL

Allstate's discovery requests are relevant to this litigation and are proportional to the issues at stake in this case. *See* Exhibits A and B. The types of information and records sought by Allstate – including patient files, information and records related to the ownership and control of SE MI Hospital, employees and representatives of SE MI Hospital who were involved in rendering the alleged services at issue, communications with individuals and entities involved in the conduct of the scheme described by the Complaint, and communications and agreements between SE MI Hospital and individuals and entities who assisted in preparing the bills submitted to Allstate – are highly relevant to Allstate's claims.

The documents and information sought by Allstate are also proportional pursuant to Rule 26:

> In assessing the proportionality the court should look to: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017), quoting Rockwell Med., Inc. v. Richmond Bros., Inc., 2017 U.S. Dist. LEXIS 57313 (E.D. Mich. Apr. 14, 2017). Applying these standards, Allstate is entitled to the requested materials and information.

**1. Importance of Issues**

The importance of the issues raised in this case cannot be reasonably disputed by the defendants. *See* Pointe Physical Therapy, 255 F. Supp. 3d at 706 ("defendants do not try to and could not plausibly make the argument that health care and insurance fraud do not present issues of public importance because they do"). All of the discovery requests at issue herein seek information and documents that are relevant to the claims in this case and none of the requests will impose a substantial or undue burden on SE MI Hospital in light of the serious and substantial issues in this case. *See* Exhibits A and B.

**2. Amount in Controversy**

The amount in controversy in this action is significant. As summarized above, Allstate is seeking to recover direct damages in excess of $2,397,000 as well as trebled damages and attorney's fees under the RICO statute. It also is seeking a declaratory judgment with respect to additional billing submitted to it by SE MI Hospital. Allstate is entitled to conduct discovery into the circumstances of the treatments billed by SE MI Hospital; how the patients at issue were obtained by SE MI Hospital; how and why bills were prepared and submitted to Allstate; and how non-medical factors that influenced the alleged treatment and bills at issue, *see, e.g.,* Owen v. Conto, 2020 Mich. App. LEXIS 55, *6 (Jan. 7, 2020) (No-Fault insurers have the right to assess whether the course of treatment "was influenced in any way

by factors other than legitimate medical judgment" such as "financial gain for the health care providers"); how the amounts charged to Allstate for alleged treatments were determined and whether they were reasonable and customary or whether they wrongfully targeted No-Fault insurers, *see, e.g.,* Spectrum Health Hosps. v. Farm Bureau Mut. Ins. Co., 960 N.W.2d 186, 200-201 (Mich. App. 2020) ("the provisions requiring that charges be reasonable and customary are two 'separate and distinct limitations on the amount health-care providers may charge and what insurers must pay' . . . . With regard to the customary-charge limitation, 'whether there has been an impermissible § 3157 overcharge is determined by looking to the provider's customary charge in cases not involving insurance'"); the costs to SE MI Hospital for its alleged services, *see, e.g.,* id. at 214-217 (extensive discussion of an insurer's right to costs of treatment discovery; "the no-fault act expressly mentions healthcare providers in § 3158(2) and explicitly imposes a duty on healthcare providers to disclose the 'costs of treatment of the injured person . . ."); and similar issues directly relevant to Allstate's significant damages.

**3. Importance of the Information and Documents Sought by Allstate**

Allstate's discovery requests are narrowly tailored to obtain information and materials related to its claims, and related to the lawfulness, necessity, reasonableness, and compensability of the alleged procedures billed by SE MI Hospital and its co-defendants. This information is necessary for Allstate to prepare

for trial, to develop evidence of SE MI Hospital's fraudulent conduct, and to identify witnesses who may have further relevant information.

**4. The Parties' Resources and Burden**

It is impossible to find that SE MI Hospital will incur a disproportionate burden in responding to Allstate's discovery requests. The requested materials – such as patient files, documents related to the ownership and control of SE MI Hospital, communications regarding patient referrals, treatment, and billing – should be, and almost certainly are, maintained by SE MI Hospital in the ordinary course of its business. Moreover, the materials are likely to result in information highly relevant to the claims in this case, meaning the burden on Allstate if it is required to forego such discovery will be significant. *See, e.g.,* Owen, 2020 Mich. App. LEXIS 55 at *6 (finding information about medical providers was relevant, including whether the course of treatment "was influenced in any way by factors other than legitimate medical judgment" and stating that it was clearly relevant at trial whether "financial gain for the health care providers" influenced the alleged treatment). Accordingly, this factor justifies granting Allstate's motion.

Moreover, "[i]f an objection is interposed based on an alleged undue burden, the objecting party must make a specific showing, usually . . . by affidavit, of why the demand is unreasonably burdensome." State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc., 2019 U.S. Dist. LEXIS 110767, *40 (E.D. Mich. July 2, 2019),

quoting State Farm Mut. Auto. Ins. Co. v. Elite Health Ctr., 364 F. Supp. 3d 758, 766 (E.D. Mich. 2018). The defendants cannot make a showing that complying with Allstate's requests for production will result in an unreasonable burden and so must comply with those requests.

### C. SPECIFIC IMPROPER RESPONSES BY SE MI HOSPITAL

SE MI's late and deficient responses to Allstate's interrogatories and requests for production are attached hereto and discussed below. *See* Exhibits C and D.

#### 1. SE MI Hospital's Objections Are Waived

As an initial matter, SE MI Hospital waived all objections to the interrogatories and requests for production of documents by failing to assert them in a timely manner. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2). Thus, SE MI Hospital's objections should be stricken, and it should be required to provide full and complete answers and production to the discovery requests.

Federal Rule of Civil Procedure 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory must be stated with specificity." "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Id. "District courts in the Sixth Circuit have held that the waiver applies to both Rule 33 interrogatories and Rule 34 document production requests." Caldwell v. 9173-7999 Québec, Inc., 2019 U.S. Dist. LEXIS 2179539, *3 (E.D. Mich. Dec. 19, 2019), citing Firneno v. Nationwide Marketing Services, Inc., 2015

U.S. Dist. LEXIS 195322, *7 (E.D. Mich. Dec. 10, 2015) ("Although Rule 34 unlike Rule 33 does not specifically state that objections are waived after 30 days, the considerable weight of authority is that the failure to timely object to requests for production of documents also constitutes a waiver"). SE MI Hospital had no good cause for failing to make objections by the agreed-upon deadline. Accordingly, its objections are waived.

**2. SE MI Hospital's Objections and Answers to Interrogatories Are Inconsistent with Applicable Rules and Law**

The late answers to interrogatories served by SE MI Hospital are wholly inadequate. *See* Exhibit C. As one particularly egregious example, SE MI Hospital refuses to identify in response to Allstate's interrogatory no. 19 the email addresses that were used in the conduct of its business during the period at issue in the Complaint and suggests that to obtain this information, Allstate should provide it with search terms. Id. at p. 13. It is obviously not possible for Allstate to propose search terms to identify email *addresses*, which is the reason it asked for such addresses in an interrogatory. Further, these late served answers were the first time that search terms have been raised at all by SE MI Hospital, which confirms that it has made no effort at all to date to search its electronically-stored information for documents responsive to Allstate's requests for production of documents.

The other improper objections and responses from SE MI Hospital are addressed in order below:

*<u>Interrogatory No. 2</u>: Please identify each owner, member, and manager of SE MI Hospital during the Relevant Period. A responsive answer will include the name, address, current contact information, title, professional licensure, and years of affiliation with SE MI Hospital.*

In response to this interrogatory, SE MI Hospital claims that it cannot provide any information prior to December 14, 2018, at which point a change in ownership allegedly took place. *See* Exhibit C. The change in ownership did not result in the creation of a new entity. SE MI Hospital was organized in 2003 and continues to exist as an entity. *See* Exhibits E and F. Certainly, the current ownership knows from whom it purchased the hospital, and the hospital itself could not have lost or forgotten all details of its first fifteen (15) years of existence. The information disclosed by SE MI Hospital is also partially responsive at best and must be supplemented. The answer appears to list ownership percentages held by two entities (although that must be inferred by Allstate, which is improper). *See* Exhibit C. There are names in parentheses after the entities, but Allstate has no idea who they are or what their connection is to SE MI Hospital or the LLCs. <u>Id</u>. SE MI Hospital also failed to identify any of its managers in response to this interrogatory, which is clearly relevant information to which Allstate is entitled.

*<u>Interrogatory No. 3</u>: Please identify all individuals employed and/or contracted by SE MI Hospital during the Relevant Period. A responsive answer will include the name, address, current contact information, job title, professional licensure (if applicable), and years of employment/affiliation of each SE MI Hospital employee/contractor, including part-time, full-time, contract-based employees, independent contractors, and consultants.*

The identity of the individuals who were involved in providing the alleged services at issue, and generating the bills for the same that were submitted to Allstate, is clearly relevant and not in any way disproportionate to the issues in this case. Allstate has no way to obtain this information itself, and the information is critical to identifying witnesses for depositions and further information to seek in discovery.

*Interrogatory No. 5: Please describe how SE MI Hospital obtained patients during the Relevant Period. A responsive answer will include describing all marketing efforts and identifying all referral sources by name.*

The response to this interrogatory is another illustration of the improper nature of SE MI Hospital's answers. SE MI Hospital claims that marketing of the hospital is irrelevant (*see* Exhibit C), but the Complaint, which has already withstood a motion to dismiss by SE MI Hospital, expressly alleges that SE MI Hospital "recruited physicians to bill for medically unnecessary and excessive procedures so that it could submit exorbitant facility fees to Allstate." *See* ECF No. 1, ¶ 42. It also alleges that SE MI Hospital intentionally targeted physicians with criminal and disciplinary histories that compromised their ability to practice at other institutions. Id. at ¶ 79. Thus, the marketing SE MI Hospital used to associate with physicians who brought their patients to SE MI Hospital is squarely at issue and clearly relevant.

*Interrogatory No. 8: Please provide the gross annual revenue of SE MI Hospital for each year during the Relevant Period, including the percentage of the revenue for each year that was received from automobile insurers.*

SE MI Hospital makes a conclusory claim that this information is irrelevant and refuses to provide any substantive response. *See* Exhibit C. Allstate's Complaint alleges that the scheme used by SE MI Hospital was designed to take advantage of the Michigan No-Fault Act. *See, e.g.,* ECF No. 1, ¶ 415. Information about the revenue from automobile insurers, including how that revenue compared to amounts obtained from other categories of payors, is highly relevant to Allstate's allegations as to the motivation for the scheme alleged and to the reasonableness of what SE MI Hospital billed to Allstate. Indeed, in Spectrum, the Michigan Court of Appeals explained the relevance (and therefore discoverability) of information about payments from other payors to determining the reasonableness of a provider's bills:

> Simply put, third-party payments which are accepted by a healthcare provider as payment in full during the pertinent timeframe for products and services are relevant to determining the reasonableness of charges for those very same products and services in the context of treatment covered by PIP [No-Fault] benefits.
>
> ***
>
> [C]omparison of the amounts that [the provider] charged for the services [the patient] received to the amounts that others actually paid for the same services during the same general timeframe – and that [the provider] accepted as payment in full for these services – tends to make it more or less likely that the amounts [the provider] charged were reasonable or unreasonable. That is, what others actually pay can be used to measure the value of the medical services provided and can constitute a useful point of comparison for assessing the reasonableness of medical charges.

Spectrum, 960 N.W.2d at 210-211. The information sought by this interrogatory is plainly relevant both factually and legally, and SE MI Hospital must be ordered to fully respond to the same.

<u>Interrogatory No. 11</u>: *Please identify all medical directors of SE MI Hospital during the Relevant Period and the dates during which each individual served as medical director.*

The response to this answer is a single name: Siva Sripada, D.O. *See* Exhibit C. This response does even attempt to identify all of the medical directors during the period at issue, which is highly relevant and important information that has virtually no burden to identify and provide.

<u>Interrogatory No. 13</u>: *Please identify the person(s) responsible for creating the bills submitted to Allstate by SE MI Hospital during the Relevant Period. A responsive answer shall include, but not be limited to, identification of the person(s) responsible for selecting the billing and diagnosis codes included in each bill submitted to Allstate during the Relevant Period.*

The response to this interrogatory does not actually identify any person(s) responsible for creating bills submitted to Allstate. *See* Exhibit C. Instead, it provides a general description of how bills may be created and references unnamed alleged certified coders. It is imperative that Allstate obtains the actual identity(ies) of the person(s) who created and submitted the bills, as such person(s) are critical witnesses as the propriety of these bills is the central issue in this litigation.

<u>Interrogatory No. 14</u>: *Please state the total amount of money that SE MI Hospital has received from Allstate during the Relevant Period, including both money paid directly by Allstate to SE MI Hospital and money obtained as a result of litigation or threatened litigation involving Allstate (including without limitation the amounts received by SE MI Hospital as a result of a payment/settlement from Allstate to the patient of SE MI Hospital).*

The objection to this interrogatory inexplicably claims that amounts paid by Allstate to SE MI Hospital are not relevant to this litigation. *See* Exhibit C. Such payments

are expressly and repeatedly identified as Allstate's damages throughout its Complaint. *See* ECF No. 1. There could not be a good faith basis for making this objection. Further, SE MI Hospital's claim that Allstate has "better access to information" responsive to this request is inaccurate. As explained by the interrogatory itself, many payments that originated from Allstate were not paid directly to SE MI Hospital but rather were paid to attorneys or patients who then paid SE MI Hospital, assumedly at different amounts to account for attorney fees and negotiations. Allstate is entitled to obtain information about how much SE MI Hospital actually received in response to the insurance claims at issue.

*Interrogatory No. 17: Please identify all accountants that have provided services relative to SE MI Hospital during the Relevant Period, including, but not limited to, any bookkeeping functions and preparation of tax filing documents.*

SE MI Hospital refuses to provide any information in response to this interrogatory, claiming that it is not relevant and citing an alleged "[a]ccountant client privilege" provided by Michigan law. *See* Exhibit C. This interrogatory merely seeks the identity of accountants, not any information that could possibly be construed as confidential (much less privileged). Even if the request sought substantive information, "no confidential accountant-client privilege existed under federal [common] law, and no state-created privilege has been recognized in federal cases." In re Subpoena to Testify before Grand Jury, 787 F. Supp. 722, 724 (E.D. Mich. 1992), quoting Couch v. United States, 409 U.S. 322, 335 (1973). Moreover, courts

in this District have held that financial records such as these are relevant as they may reveal payments between the defendants and others to further the alleged scheme, and may show the extent to which the defendants allegedly defrauded the insurer or profited from the conspiracy. *See, e.g.,* State Farm Mut. Auto. Ins. Co. v. Angelo, 2020 U.S. Dist. LEXIS 211341, *4 (E.D. Mich. Nov. 12, 2020).

*Interrogatory No. 18: Please identify all bank and financial accounts SE MI Hospital owned or had access to and the individuals or entities with signing authority related to each account during the Relevant Period. A responsive answer will include the name of the financial institution, the type of account, and the account number.*

SE MI Hospital also refuses to provide any information responsive to this interrogatory. *See* Exhibit C. As noted above, financial records have been held to be relevant in similar cases because they may reveal payments and transactions in furtherance of the alleged scheme and the extent to which the defendants profited from the scheme. Angelo, 2020 U.S. Dist. LEXIS 211341 at *4. SE MI Hospital's claim that Allstate has equal access to its banking institution information is absurd.

*Interrogatory No. 19: Please identify all electronic mail addresses used in connection with any business conducted by SE MI Hospital during the Relevant Period, including identifying the individual(s) associated with each such electronic mail address and their role with SE MI Hospital.*

As noted at the outset of this subsection, SE MI Hospital responded to this interrogatory by objecting and suggesting that Allstate provide it with search terms in order to search for email *addresses*, which is an outrageous suggestion that is improper on its face and particularly improper in the context of its timing. This

request is also clearly relevant. As also explained by the court in Angelo, "emails and text messages are business communications that could demonstrate whether or not [d]efendants coordinated among themselves and others to solicit potential clients, provide unnecessary medical services, and submit fraudulent insurance bills." Angelo, 2020 U.S. Dist. LEXIS 211341 at *4.

**3. SE MI Hospital's Objections and Responses to Requests for Production Are Inconsistent with Applicable Rules and Law**

SE MI Hospital failed to produce entire categories of documents that it certainly possesses and that it is clearly obligated to produce. SE MI Hospital's improper, boilerplate objections to Allstate's requests for production largely mirror those it used to avoid answering any interrogatories with substance. In the context of documents, SE MI Hospital has relied on its improper (and waived) objections to avoid producing any electronic discovery whatsoever. To date, SE MI Hospital has produced no patient or medical records, not a single email or text message, and no financial documents. SE MI Hospital has not produced any privilege log to Allstate, so no documents were withheld from production based on a valid assertion of privilege. As the documents that SE MI Hospital has improperly withheld are implicated by multiple requests made by Allstate, they are addressed by category below:

**a. Emails and Text Messages**

SE MI Hospital has not produced a single email or text message despite that Allstate requested such communications on highly relevant topics such as the purported treatment rendered to the Allstate insureds at issue, bills related to the same, communications with co-defendants (alleged to be co-conspirators) in this action, communications with purchasers of SE MI Hospital's accounts receivable, and communications concerning patient referrals. *See* Exhibit D, Requests and Responses 14-18, 23, 24, 40, and 41. Nearly all of these requests were met with the boilerplate objection that the requests are not "not proportional to the needs of the case," but with no showing by affidavit or otherwise (as required) that SE MI Hospital would be burdened by searching for emails out of proportion to the needs of this multimillion dollar fraud case.

SE MI Hospital also objected to producing communications based on relevance even though these communications are clearly relevant to determine how SE MI Hospital obtained patients; whether patients were unlawfully solicited; whether billed treatments were rendered at all; whether non-medical factors influenced the alleged treatment and bills at issue (*see* Owen, 2020 Mich. App. LEXIS 55, *6); and whether the amounts charged to Allstate for alleged treatments were reasonable and customary or whether they wrongfully targeted No-Fault insurers (*see* Spectrum, 960 N.W.2d at 200-201). Courts have upheld plaintiffs'

clear right to discover electronic communications in very similar cases.  *See, e.g.,*
Angelo, 2020 U.S. Dist. LEXIS 211341 at *4 ("emails and text messages are
business communications that could demonstrate whether or not [d]efendants
coordinated among themselves and others to solicit potential clients, provide
unnecessary medical services, and submit fraudulent insurance bills.")

SE MI Hospital also raised the inappropriate objection that responding to
these requests would violate the Health Insurance Portability and Accountability Act
("HIPAA"), even though the Court has already entered a HIPAA-qualified stipulated
protective order in this case to address the exchange of protected health information.
*See* ECF No. 59, PageID 954.  This objection that has already been contemplated
and addressed by the parties and the Court is emblematic of SE MI Hospital's efforts
to frustrate discovery rather than comply with its obligations.

As another example, SE MI Hospital responded to Allstate's request for
emails and other communications concerning how SE MI Hospital set prices simply
by stating "Defendant SE uses information published by the American Medical
Association which is either on-line or already in the possession of Plaintiffs. The
information would be impossible to reproduce in response to this request." *See*
Exhibit D, Response 16.  SE MI Hospital's outrageous prices and the process by
which it determined those prices is not information published by the American
Medical Association.  SE MI Hospital did not object to this request but it did not

produce any documents in response to it, nor did it produce any communications in response to Allstate's request that specifically seeks communications with SE MI Hospital's biller (David Winter and Claims Reimbursement Specialists, *see* Exhibit D, Response 24), thus depriving Allstate of any information at all about how its charges were determined.

Not only has SE MI Hospital unreasonably objected and refused to produce any electronic discovery or communications, it has also affirmatively sought to prevent Allstate from learning what communications it has withheld (or spoliated) by filing a frivolous motion to quash Allstate's subpoena to Google, LLC, which merely seeks metadata that would allow Allstate to show this Court the scope of what SE MI Hospital has withheld and concealed. *See* ECF No. 65.

**b. Patient Files**

Allstate's request for production 6 makes a simple request for SE MI Hospital's patient files for the patients at issue in this litigation, which are clearly relevant. *See* Exhibit B, Request 6. Yet, SE MI Hospital again interposed the same boilerplate objection that these documents are not proportional to the needs of the case. *See* Exhibit D, Response 6. As of the date of this motion, SE MI Hospital has yet to produce a single patient file. During the parties' most recent conference, SE MI Hospital agreed to produce at least some such records by Monday, June 3, 2024,

but no records were produced by that date.[1] The Court should order SE MI Hospital to produce all such records immediately.

**c. Financial Records**

SE MI Hospital has refused to produce any of its tax filing, financial, and accounting records based on the objections that these requests are not relevant or proportional and made for the purpose of harassment. *See* Exhibit D, Requests and Responses 25, 26, 32. These are records that SE MI Hospital surely maintains in the ordinary course of its business, and which are routinely permitted in discovery, especially in cases of fraud. *See, e.g.,* Angelo, 2020 U.S. Dist. LEXIS 211341 at *4. For all the reasons explained *supra*, Allstate is entitled to discover SE MI Hospital's financial records in order to prove its allegations of racketeering, conspiracy, fraud, unjust enrichment, and damages.

Despite SE MI Hospital's baseless objections (*see* Exhibit D, Requests and Responses 28 – 31), Allstate is also entitled to discover evidence of payments made to SE MI Hospital for alleged services to Allstate insureds, as well patients who were not insured by Allstate, both to prove damages and to demonstrate SE MI Hospital's pattern and practice of charging unusual and uncustomary prices to auto accident patients. *See* Spectrum, 960 N.W.2d at 210-211. SE MI Hospital may not exclude

[1] SE MI Hospital has since communicated that it will produce some patient files starting on June 7, 2024, but it has refused to stipulate to such production and it is unclear what records might be produced or when production will be completed.

this evidence from discovery based on its own self-serving determination that the evidence is not relevant, nor on the basis that it feels harassed by a detailed complaint accusing it of racketeering and fraud.

By way of example, Allstate requested documents in SE MI Hospital's possession tracking the revenue it has generated or expects to generate as a result of its alleged treatment of Allstate insureds. *See* Exhibit B, Request 28. This is directly relevant to damages. SE MI Hospital, however, made its usual boilerplate objection along with paradoxical objections stating that this request called for its "entire billing system," and that Allstate already has all the requested documents. *See* Exhibit D, Response 28. It is undisputed that SE MI Hospital has sent bills to Allstate. The Court should order SE MI Hospital to produce the requested documents immediately.

**d. Other Documents**

Many of Allstate's requests for production seeking communications (addressed above) also seek other documents pertaining to the same subject matter (i.e., referral and treatment of patients, efforts to monetize bills, etc.). SE MI Hospital in most cases objected to and did not produce any documents, including communications. For example, request for production 16 seeks both documents and communications about how SE MI Hospital chose its billing codes. *See* Exhibit B. Documents that exist independent of communications must also be produced.

Several of Allstate's requests seek specific components of patient records. For example, request for production number 30 seeks itemizations of the charges submitted for the patients at issue. Id. Because SE MI Hospital has not produced any patient files (addressed above), it is unclear when or whether such itemizations will be included. To avoid confusion and potential future motion practice, the Court should order that such documentation be produced as requested.

Allstate's request for production 34 seeks contracts between SE MI Hospital and several individuals and entities with which it is known to be associated. Id. SE MI Hospital's response indicates that it produced one contract and another two (2) were produced in response to other requests. *See* Exhibit D. The response also says it will search for other responsive documents, and such documents must exist. For example, on the list is Siva Sripada, D.O., who SE MI Hospital disclosed in its interrogatory answers is its medical director. *See* Exhibit C. SE MI Hospital must be ordered to produce all documents responsive to this narrowly tailored request.

Allstate's request for production 37 seeks transcripts of testimony of SE MI Hospital representatives regarding the operation of the facility. *See* Exhibit B. SE MI Hospital's response states that it is searching for responsive documents. *See* Exhibit D. These documents are clearly relevant and discoverable and SE MI Hospital must be ordered to actually produce them, which still has not happened.

Allstate's request for production 3 seeks a roster of employees of SE MI Hospital. *See* Exhibit B. SE MI Hospital did not dispute that this document exists, but objected that the identity of its employees is not relevant. *See* Exhibit D. The identity of the individuals involved in the provision of treatment and generating the bills at issue in this case are relevant and without such information Allstate will be forced to blindly identify potential witnesses and lead to potentially unnecessary discovery and expense. SE MI Hospital must be ordered to produce this simple document.

## IV. REQUESTED RELIEF

In light of the foregoing, the Court should grant Allstate relief as set forth below.

### A. ORDER THAT SE MI HOSPITAL HAS WAIVED OBJECTIONS BY FAILING TO TIMELY RESPOND TO DISCOVERY

Because SE MI Hospital did not serve any written response or objections to Allstate's requests for documents or interrogatories by the agreed-upon deadline, it has waived the right to object to them. Accordingly, the Court should order that SE MI Hospital must fully respond to these discovery requests without objection.

### B. ORDER THAT SE MI HOSPITAL PRODUCE ALL DOCUMENTS SOUGHT BY ALLSTATE'S REQUESTS FOR PRODUCTION AS ADDRESSED ABOVE

All of Allstate's specific requests for production of documents discussed herein and attached as Exhibit B are relevant and proportional, and therefore

discoverable.  Accordingly, the Court should order that Allstate is entitled to all of the documents sought by the requests that were duly served on SE MI Hospital on November 30, 2023.

### C.   ORDER THAT SE MI HOSPITAL RESPOND TO INTERROGATORIES IN FULL

As detailed above, the answers to interrogatories served by SE MI Hospital were rife with improper objections, including claims that information plainly relevant to Allstate's allegations is not relevant or discoverable.  This Court should order that SE MI Hospital answer each of the interrogatories without objection and with full responses providing all of the information sought by Allstate.

### D.   AWARD ALLSTATE COSTS AND SANCTIONS PURSUANT TO RULE 37

SE MI Hospital's discovery conduct to date reflects a willful and intentional refusal to comply with the obligations imposed by the Federal Rules.  Allstate is entitled to relief on this motion, requiring SE MI Hospital to produce the documents and information requested by Allstate, and therefore Allstate is also entitled to an award of its expenses.  "If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  For successful motions to compel

discovery, "[t]he award of costs is the norm, rather than the exception." Angelo, 2020 U.S. Dist. LEXIS 211341 at *8, quoting Martinez v. Blue Star Farms, Inc., 325 F.R.D. 212, 220 (W.D. Mich. 2018).

Allstate has made every reasonable good faith effort to resolve this discovery dispute without motion practice, including engaging in multiple conferences in an attempt to resolve these issues and preparing a stipulation to set a deadline for production of documents that have been withheld. SE MI Hospital flatly declined to so stipulate and has continued to withhold relevant and responsive materials and information. Allstate respectfully requests that the Court grant this motion and award reasonable fees incurred by Allstate as a result of SE MI Hospital's conduct and in preparing and filing the instant motion pursuant to Fed. R. Civ. P. 37(a).

Respectfully submitted,
KTM
*/s/ Andrew H. DeNinno*

Nathan A. Tilden (P76969)
ntilden@ktmpc.com
Andrew H. DeNinno
adeninno@ktmpc.com
William G. Potter
wpotter@ktmpc.com
350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214

38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

Dated: June 6, 2024

*Attorneys for Allstate*

**CERTIFICATE OF SERVICE**

I, Andrew H. DeNinno, hereby certify that on June 6, 2024, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.

KTM

*/s/ Andrew H. DeNinno*

___________________________

Andrew H. DeNinno
adeninno@ktmpc.com
38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214