# EXHIBIT C

UNITED STATES DISTRICT
COURT EASTERN
DISTRICT OF MICHIGAN

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC; MARTIN QUIROGA, P.C.; COMPREHENSIVE NEUROMONITORING, LLC; MARTIN QUIROGA, D.O.; and SIDNEY BRODER, M.D.,<br><br>Defendants. | C.A. No. 2:22-cv-11684-SJM-EAS<br><br>Hon. Stephen J. Murphy, III<br>United States District Judge |

## DEFENDANT, SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC'S, ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**AND NOW COMES**, the DEFENDANT, SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC, and hereby answers the PLAINTIFFS, ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY's, First Set of Interrogatories as follows:

## IV. INTERROGATORIES

1. Please identify the person or persons answering these interrogatories on behalf of SE MI Hospital. A responsive answer shall include the full name, address, job title, and association to SE MI Hospital for the person or persons answering these interrogatories and, for each person, state which interrogatory he/she answered.

**ANSWER**: Ali Madha, Member Board of Directors, Southeast Michigan Surgical Hospital, c/o Chapman Law Group,

2. Please identify each owner, member, and manager of SE MI Hospital during the Relevant Period. A responsive answer will include the name, address, current contact information, title, professional licensure, and years of affiliation with SE MI Hospital.

**ANSWER:** Prior to December 14, 2018, the names and other information related to owners is not in Defendant SE's possession. After December 14, 2018, the following information is responsive to the request:

>JSCE, LLC – 30% (Dr. Jawad Shah, licensed physician)
>4800 S. Saginaw St. Flint, MI 48507
>
>IINN Holding, Inc. - 70% (Rizaul Huda, non-physician)
>4800 S. Saginaw St. Flint, MI 48507

3. Please identify all individuals employed and/or contracted by SE MI Hospital during the Relevant Period. A responsive answer will include the name, address, current contact information, job title, professional licensure (if applicable), and years of employment/affiliation of each SE MI Hospital employee/contractor, including part-time, full-time, contract-based each SE MI Hospital employee/contractor, including part-time, full-time, contract-based.

**ANSWER**: Defendant, South East Michigan Surgical Hospital, LLC (hereinafter "Defendant SE") objects to Interrogatory Number 3. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. The names and personal information of all employees is not relevant to this case. The case names specific parties and provides an inclusive list of all beneficiaries at issue and defined damages. It is not necessary for Defendant to go on a fishing expedition and demand the names and personal information of all employees. A plaintiff is not permitted to go fishing through discovery requests that are too broad and oppressive.

4. Please identify any boards and committees that were engaged in the management and operation of SE MI Hospital during the Relevant Period, including identification of the individuals who comprised each board and committee.

**ANSWER:**

**Board of Directors:** Dr. Jawad Shah; Atif Bawahab; Ali Madha; Atiq

Nakrawala; Baseer Tajuddin.

**Medical Executive Committee:** Siva Sripada, DO; Jawad Shah, M.D.; Zakhria Belasher, M.D.; Ricardo Borrego, M.D.; Keith Denning, D.C.; Zubair Sarmast, M.D.; Nadir Ijaz, Ex-Offico Member; and Abed Mostafa, Ex-Officio Member

**Quality/Safety/Infection Control Committee:** Dominque Easley; Eilleen Mullin; Michael Abi-Jomaa; Nykysha Anderson; Atif Bawahab; Angel Bennett; Pam Breault; Sandra Farley; Samantha Freeman; Manal Hakkani; Kyrie Hempsall; Nadir Ijaz; Adrienne Jablonski; Yasir Khan; Talal Khoulani; Tina Lewis; Abed Mostafa; Adam Roberts; Marissa Robinet; Racheal Smith; Tom Sullivan; and Eric Wylie.

**Pharmacy & Therapeutics Committee:** Zakhria Belasher, MD; Ricardo Borrego, MD; Siva Sripada, DO; Roy Torcuator, MD; Mei Carr; Nadir Ijaz; Abed Mostafa; Eileen Mullin; and Tom Sullivan.

5. Please describe how SE MI Hospital obtained patients during the Relevant Period. A responsive answer will include describing all marketing efforts and identifying all referral sources by name.

**ANSWER:** Defendant SE objects to Interrogatory Number 5. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. Companywide marketing material or other such information is not relevant and cannot lead to admissible evidence. The case

names specific parties and provides an inclusive list of all claimants at issue and defined damages. An appropriate question would narrow the scope to the individual beneficiaries as listed in the complaint and related to the specific defendants. Answering the narrower and more relevant question, the company has no such marketing material in its possession or control.

6. Please describe how SE MI Hospital tracked the source of each patient referral to it during the Relevant Period.

**ANSWER:** Defendant SE objects to Interrogatory Number 6. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. Companywide marketing material or other such information is not relevant and cannot lead to admissible evidence. The case names specific parties and provides an inclusive list of all claimants at issue and defined damages. An appropriate question would narrow the scope to the individual beneficiaries as listed in the complaint. and related to the specific defendants. Answering the narrower and more relevant question, the company does not track said information and said information relative to Defendant SE does not exist as the patients were not referred to Defendant SE.

7. Please describe in detail the process utilized when a new patient presented for treatment at SE MI Hospital during the Relevant Period. Include identification of all forms that are filled out by new patients, all standard questions asked, all standard examinations performed, and all standard instructions given

during a patient's first visit.

**ANSWER**: A new patient is scheduled for an initial visit. During the scheduling, demographic questions are asked including, name, age, sex, insurance type, and the reason why they are visiting. Prior to the visit, an assessment on whether a prior authorization is needed is conducted. When the patient arrives, patient fills out new patient paperwork.

8. Please provide the gross annual revenue of SE MI Hospital for each year during the Relevant Period, including the percentage of the revenue for each year that was received from automobile insurers.

**ANSWER**: Defendant SE objects to Interrogatory Number 8. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. Total annual revenue of Defendant SE cannot advance the case. The only revenue at issue might be the revenue generated by the named beneficiaries and the amounts paid for their related care. Plaintiffs already have possession of said information in as much as they paid or denied the relevant invoices and stated specific damages in exhibit 1 attached to the complaint.

9. Please describe the process by which SE MI Hospital determined pricing for its treatment, services, and equipment billed in relation to Allstate Insureds during the Relevant Period. A responsive answer shall identify all references, all factors considered, and all costs included in SE MI Hospital's prices.

**ANSWER:** Billing and billing rates for all entities under the "IINN"

umbrella are reviewed during the course of the year and are re-evaluated on an annual basis after meeting and consultation with various employees including but not limited to Ali Madha, the managers of the various departments, Atif Bawahab, and Dr. Jawad Shah, to determine whether they are "reasonable within the community." Specifically, Dr. Shah's education, expertise and experience level as well as his reputation as one of the preeminent neurosurgeons within the community is a factor in determining the rates set at Jawad A Shah MD, PC and the entities under his umbrella. Furthermore, Jawad A. Shah, MD, PC houses a variety of medical departments (PT, Pain Management, MRIs, Neurosurgical consultations, chiropractic care, aqua therapy, in-house 24/7 care facility, etc.), and an almost all encompassing medical staff, offering a full service facility to any/all patients that is not otherwise readily available to known competitors or similar practices of medicine within the area, and indeed within the entire state in the private sector.

Defendant SE Hospital, after taking the above into consideration, have also closely monitored the rates set at their facility over the years and have made adjustments (when necessary), based on the repayment rates by insurance companies for various procedures and CPT charges, and the contracts for which the Plaintiffs have undertaken with Multiplan and several other "third party pricers" at rates of reimbursement of 88% and up for which auto insurance companies in contract have been paying (thereby confirming the reasonableness of said charges rates). We have

also reviewed various Local and National Databases, including, but not limited to, Fairhealth, noting that Fairhealth and other databases utilize derived numbers. Based on the above information, we continue to set rates for which defendant SE Hospital deems reasonable within the community and under the No-Fault Act for the variety of medical services provided at the facility.

10. Please identify all "provider-based" facilities associated with SE MI Hospital during the Relevant Period and for each, identify all clinical staff of such provider-based facilities who have privileges at SE MI Hospital, identify all individuals responsible for monitoring each provider-based facility, and identify all shared and integrated financial accounts with each provider-based facility.

**ANSWER:** Defendant SE objects to Interrogatory Number 10. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. "Provider based" is a Medicare payment designation established by the Social Security Act that allows facilities owned by and integrated with a hospital to bill Medicare as a hospital outpatient department. Provider-based facilities are not at issue. The interrogatory goes further and asks for names of clinical staff, "individuals responsible for monitoring each provider-based facility" and integrated financial accounts. Notwithstanding the interrogatory having 4 distinct parts the information requested violates Rule 26b. That said, as it is related to this case there are no provider-based facilities relevant to the claims made by Plaintiffs' beneficiaries.

11. Please identify all medical directors of SE MI Hospital during the Relevant Period and the dates during which each individual served as medical director.

**ANSWER:** Siva Sripada, D.O.

12. Please describe the relationship between SE MI Hospital and each of the defendants named in Allstate's Complaint during the Relevant Period. A responsive answer shall include, but is not limited to, how the relationship began, the length of the relationship, and any financial agreements between you and any of the defendants named in Allstate's Complaint.

**ANSWER:** Dr. Quiroga, according to our records, was an employed physician prior to Insight's acquisition in December of 2018. Dr. Quiroga has had no contractual relationship since December of 2018. He is still on staff and sees patients. We have no information about a contract with Dr. Broder, other than he is credentialed with SE. We have a contract with Comprehensive Neuromonitoring from prior to Insight's acquisition in December of 2018. We have no information regarding Dr. Robertson, except that he is credentialed with SE.

13. Please identify the person(s) responsible for creating the bills submitted to Allstate by SE MI Hospital during the Relevant Period. A responsive answer shall include, but not be limited to, identification of the person(s) responsible for selecting the billing and diagnosis codes included in each bill submitted to Allstate during the Relevant Period.

**ANSWER**: Defendant SE objects to Interrogatory Number 13. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. Further Defendant SE objects to the word "creating" as an undefined term with no specific billing definition.

Notwithstanding the objections, physicians are given the option to fill in their own CPT, HCPS or ICD-10 codes. If the physician fails to do so, SE uses certified coders to audit the record and enter appropriate codes.

14. Please state the total amount of money that SE MI Hospital has received from Allstate during the Relevant Period, including both money paid directly by Allstate to SE MI Hospital and money obtained as a result of litigation or threatened litigation involving Allstate (including without limitation the amounts received by SE MI Hospital as a result of a payment/settlement from Allstate to the patient of SE MI Hospital.)

**ANSWER**: Defendant SE objects to Interrogatory Number 14. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. Furthermore, Plaintiff Allstate has better access to information related to the monies it paid to Defendant SE. Further Exhibit 1 to the Complaint details the total alleged damages and monies paid to SE by Allstate.

15. Please describe any policies or procedures used by SE MI to determine whether to utilize both an anesthesiologist and a Certified Registered

Nurse Anesthetist.

**ANSWER:** As with many hospitals in our experience, we have found it to be in the best interest of patient safety and hospital quality to have a Certified Registered Nurse Anesthetist provider services under the supervision of an anesthesiologist.

16. Please identify any entity with which SE MI Hospital has entered into any type of agreement pertaining to its accounts receivable during the Relevant Period, including any medical funding or factoring companies, and describe the terms of each such agreement.

**ANSWER:** Genesis Alternative Finance IV, LLC and AHF Great Lakes, Inc.

17. Please identify all accountants that have provided services relative to SE MI Hospital during the Relevant Period, including, but not limited to, any bookkeeping functions and preparation of tax filing documents.

**ANSWER:** Defendant SE objects to Interrogatory Number 17. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. Accountant client privilege MCL 339.732 and I.R.C. § 7525 prevents any disclosures that might be obtained from the accountant. It is not necessary to the advancement of this litigation for Defendant to go on a fishing expedition and demand the names of all accountants and bookkeepers. A

plaintiff is not permitted to go fishing through discovery requests that are too broad and oppressive.

18. Please identify all bank and financial accounts SE MI Hospital owned or had access to and the individuals or entities with signing authority related to each account during the Relevant Period. A responsive answer will include the name of the financial institution, the type of account, and the account number.

**ANSWER**: Defendant SE objects to Interrogatory Number 18. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. It is not necessary to advance this litigation for Defendant to obtain all banks and financial accounts. A plaintiff is not permitted to go fishing through discovery requests that are too broad and oppressive. This case is very narrow and limited to a few defendants and beneficiaries. Plaintiffs have equal access to the banking institution(s) and account number(s) where funds from Allstate were deposited. Furthermore, the complaint does not allege any cause of action that would necessitate this type of information. The damages related to this case are very narrow and outlined in the complaint, see Exhibit 1. Allstate has equal knowledge as to where their funds were deposited and when.

19. Please identify all electronic mail addresses used in connection with any business conducted by SE MI Hospital during the Relevant Period, including identifying the individual(s) associated with each such electronic mail address and their role with SE MI Hospital.

**ANSWER**: Defendant SE objects to Interrogatory Number 19. Under F R Civ. P. 26 (b), the request is not relevant to the pending action and is not proportional to the needs of the case. It is not necessary to the advancement of this litigation for Defendant to somehow search every email received or sent or reply by any person and provide the email address and their "role". The interrogatory is simply too broad, vague, and designed to harass Defendant SEand provide excessive work. Said information if it does exist would require significant resources and labor to go through every email received, sent or replied to during the relevant time period (years) to identify the email address, who owns the email, and what their relationship was to defendant S E. Plaintiffs should submit a list of search terms that are reasonable and Defendant, if reasonable, would conduct a search using said terms.

SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC

Dated: February 1, 2024    By: _____
Ali Madha, Member Board of Directors, Southeast Michigan Surgical Hospital

**AS TO OBJECTIONS, ONLY.**

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: February 1, 2024

*/s/ Ronald W. Chapman*

Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
John C. Cardello (P58082)
*Attorneys for Defendant, Southeast Michigan Surgical Hospital*
1441 W. Long Lake Rd., Suite 310
Troy, Michigan 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jcardello@chapmanlawgroup.com

**PROOF OF SERVICE**

I hereby certify that the Defendant, *Southeast Michigan Surgical Hospital, LLC's, Answers to Plaintiffs' First Set of Interrogatories* was served upon all attorneys of record as listed on this 2nd day of February, 2024 by means of:

[x] U.S. Mail   [ ] Hand Delivery
[x] Email      [ ] _____

*/s/ Lisa M. Machell*
LISA M. MACHELL