UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; and ALLSTATE
PROPERTY AND CASUALTY
INSURANCE COMPANY,

                Plaintiffs,

v.

SOUTHEAST MICHIGAN SURGICAL
HOSPITAL, LLC,

                Defendant.

C.A. No. 2:22-cv-11684-SJM-EAS

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. 26(c) (*ECF No. 65*)**

---

## **TABLE OF CONTENTS**

Table of Contents ...........................................................................i

Issues Presented ........................................................................ iii

Statement of Controlling Authority ........................................iv

Table of Authorities .....................................................................v

Brief in Opposition to SE MI Hospital's Motion for Protective Order ....................1

I.    Introduction ....................................................................1

II.    Relevant Background .................................................2

III.    Discussion......................................................................4

    A.    Standard of Review ..........................................4

    B.    SE MI Hospital Does Not Have Standing to Move for the Relief Requested ........................................5

        1.  SE MI Hospital Does Not Have a Privacy Interest in the Records Sought ................................6

        2.  The Records Sought by Allstate Are Not Privileged..................8

    C.    SE MI Hospital Cannot Claim an Undue Burden on Google............9

    D.    The Subpoenaed Documents Are Relevant and Proportional..........9

        1.  Importance of Issues Pertaining to Healthcare and Insurance Fraud ............................................11

        2.  Amount in Controversy.............................................11

        3.  Importance of the Documents Sought by Allstate .....................12

        4.  The Parties' Resources and Burden ...........................................12

IV.   Conclusion ..................................................................................13

## <u>ISSUES PRESENTED</u>

1.     Should the Court deny SE MI Hospital's motion for a protective order, which
       SE MI Hospital lacks standing and any legal basis to seek?

       Allstate Answers:  Yes

       SE MI Hospital Answers: No

## STATEMENT OF CONTROLLING
## AND MOST APPROPRIATE AUTHORITY

Controlling authority for this motion includes:

1) Fed R. Civ. P. 26(c) governing protective orders;

2) Fed R. Civ. P. 45 governing subpoenas;

3) The Stored Communications Act, 18 U.S.C. §§ 2701, *et seq*., governing the handling of stored electronic communications by internet service providers; and

4) The United States Court of Appeals for the Sixth Circuit's holding in <u>Nix v. Sword</u>, 11 Fed. App'x 498, 500 (6th Cir. 2001), holding that "[t]he burden of establishing good cause for a protective order rests with the movant" who must "articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements" (internal citations omitted).

The most on point authority for this motion is the decision in <u>State Farm Auto Ins. v. Angelo</u>, 2020 U.S. Dist. LEXIS 132230, *3-*7 (E.D. Mich. July 27, 2020), in which the court (Cleland, J.) denied a motion by RICO defendants to quash an insurer's subpoena to Google LLC requesting substantially identical records as the subpoena at issue here.

# TABLE OF AUTHORITIES

## CASES

Blumberg v. Ambrose, 2014 U.S. Dist. LEXIS 142781
(E.D. Mich. Oct. 7, 2014) ...................................................................4

Donahoo v. Ohio Dep't of Youth Servs., 211 F.R.D. 303 (N.D. Ohio 2002)...........5

In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234 (E.D. Pa. 2014)...............9

In re Professionals Direct Ins. Co., 578 F.3d 432 (6th Cir. 2009)...........................7

Lucas v. Jolin, 2016 U.S. Dist. LEXIS 64098 (S.D. Ohio May 16, 2016) ...............8

Mann v. Univ. of Cincinnati, 114 F.3d 1188 (6th Cir. 1997)...................................6

Metro Medic Transp., Inc. v. State Farm Mut. Aut. Ins. Co., 2013 U.S. Dist.
LEXIS 199989 (E.D. Mich. Aug. 13, 2013)..............................................................4

Nix v. Sword, 11 F. App'x 498 (6th Cir. 2001).........................................................5

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978)........................................7

Rivet v. State Farm Mut. Auto. Ins. Co., 316 F. App'x 440 (6th Cir. 2009) ....4, 7, 8

Rockwell Med., Inc. v. Richmond Bros., Inc., 2017 U.S. Dist. LEXIS 57313
(E.D. Mich. Apr. 14, 2017) ...................................................................................10

State Farm Auto Ins. v. Angelo, 2020 U.S. Dist. LEXIS 132230
(E.D. Mich. July 27, 2020) ............................................................................2, 6, 10

State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc., 2013 U.S. Dist. LEXIS
189646 (E.D. Mich. Aug. 13, 2013) ..................................................................8, 16

State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC,
255 F. Supp. 3d 700 (E.D. Mich. 2017)..................................................4, 10, 11, 12

State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C., 315
F.R.D. 220 (E.D. Mich. 2016) ................................................................................9

Sys. Prods. & Solutions v. Scramlin, 2014 U.S. Dist. LEXIS 109389
(E.D. Mich. Aug. 8, 2014) .......................................................................5, 6

Underwood v. Riverview of Ann Arbor, 2008 U.S. Dist. LEXIS 107323
(E.D. Mich. Dec. 15, 2008)........................................................................5

**STATUTES**

The Stored Communications Act, 18 U.S.C. §§ 2701, *et seq*. ...........................3, 7

**RULES**

Federal Rule of Civil Procedure 26 ......................................................1, 9

Federal Rule of Civil Procedure 45 .....................................................8, 9

Plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Property and Casualty Insurance Company (collectively, "Allstate") hereby submit the within brief in opposition to defendant Southeast Michigan Surgical Hospital, LLC's ("SE MI Hospital" or "Defendant") Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c) (hereinafter, "Defendant's Motion").

## I.   **INTRODUCTION**

Allstate's subpoena to Google LLC ("Google") seeks metadata concerning electronic communications sent and received by representatives of SE MI Hospital using business email accounts so that Allstate can evaluate whether SE MI Hospital has withheld or destroyed the evidence of its own fraud.  This is particularly important in this litigation because SE MI Hospital has refused to produce a single electronic communication to Allstate in response to narrowly tailored discovery requests.  *See* ECF No. 66.  SE MI Hospital's motion misrepresents the documents sought by Allstate's subpoena and is bereft of any legal or factual argument that could support the relief requested.

To the extent that SE MI Hospital makes any arguments at all to support the relief sought, it clearly lacks standing and suggests disingenuous hypotheticals that could not actually come to pass.  Moreover, the District Court for the Eastern District of Michigan has already denied the relief requested by SE MI Hospital on virtually

1

identical facts.  *See* <u>State Farm Auto Ins. v. Angelo</u>, 2020 U.S. Dist. LEXIS 132230, *3-*7 (E.D. Mich. July 27, 2020).  For all the reasons discussed herein, SE MI Hospital's motion must be denied.

## II.   **RELEVANT BACKGROUND**

As detailed in Allstate's Complaint (*ECF No. 1*), this litigation arises out of an extensive scheme in which SE MI Hospital and its former co-defendants sought to obtain payments of No-Fault insurance benefits from Allstate to which they were not entitled. The Complaint alleges with particularity the manner in which SE MI Hospital carried out that scheme, including billing for services that were not actually rendered (<u>id</u>. at ¶¶ 89-142), fraudulently billing multiple times for identical services (<u>id</u>. at ¶¶ 143-195), billing for treatment that was not medically necessary (<u>id</u>. at ¶¶ 196-305), utilizing improper and deceptive billing practices (<u>id</u>. at ¶¶ 306-372), and billing amounts that were grossly excessive and unreasonable (<u>id</u>. at ¶¶ 373-391). Allstate's allegations have already withstood a motion to dismiss filed by SE MI Hospital. *See* ECF No. 49.

As the Complaint alleges a conspiracy by SE MI Hospital and others to commit fraud, evidence of that fraudulent conspiracy is likely to exist in communications involving the owners, officers, employees, and representatives of SE MI Hospital.  *See* ECF No. 1, ¶¶ 41-88, 414-435, 457-463.  Likely knowing this, SE MI Hospital has ignored and obstructed Allstate's legitimate efforts to engage in

2

discovery of such communications.  Since discovery commenced half a year ago (*see* ECF No. 57), SE MI Hospital has failed to produce a single email or text message to Allstate.  *See* ECF No 66, PageID 1025-1027.  Given the pattern of fraud detailed in the Complaint and SE MI Hospital's stubborn refusal to meaningfully participate in discovery thus far, neither Allstate nor the Court should trust that SE MI Hospital will ever willingly turn over communications absent proof that they exist and are responsive to Allstate's discovery requests.  For this reason, it is imperative that Allstate be able to discover from disinterested third party Google what electronic communications exist so that Allstate can compel their production or prove spoliation.

In seeking to prevent this outcome, SE MI Hospital either fails to comprehend (which is unlikely, as Allstate diligently explained that it cannot and will not obtain any substantive communications from Google during the parties' conference pursuant to Local Rule 7.1) or deliberately misrepresents to the Court the materials sought by Allstate's subpoena.  In accordance with the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq*., email service providers like Google are prohibited from disclosing the content of any email communications.  Thus, Allstate's subpoena expressly seeks only ***non-content*** information of "usage records and metadata, including date, time, and To/From fields," subscriber information (i.e., who created the email account,) and IP activity (i.e., the IP address and time stamp associated

3

with sending or receiving an email) for communications sent or received by the subject email addresses.  *See* ECF No. 65-1, PageID 998.  Each of the twelve (12) listed email addresses in Allstate's subpoena are business accounts associated with officers and employees of SE MI Hospital as denoted by the "iinn.com" extension.[1]

## III.  DISCUSSION

### A.  STANDARD OF REVIEW

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).  "[A] party seeking to quash a subpoena for commercial information 'bears a heavy burden.'"  State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC, 255 F. Supp. 3d 700, 710 (E.D. Mich. 2017), quoting Metro Medic Transp., Inc. v. State Farm Mut. Aut. Ins. Co., 2013 U.S. Dist. LEXIS 199989, *9 (E.D. Mich. Aug. 13, 2013).  The Court cannot consider "arguments that . . . are unsupported or undeveloped."  Rivet v. State Farm Mut. Auto. Ins. Co., 316 Fed. App'x 440, 449 (6th Cir. 2009).

"The burden of establishing good cause for a protective order rests with the movant."  Blumberg v. Ambrose, 2014 U.S. Dist. LEXIS 142781, *4 (E.D. Mich.

---

[1] This email extension is used by the "Insight Institute of Neurosurgery & Neuroscience" and related entities including "Insight Surgical Hospital," which is the registered fictitious name used by SE MI Hospital.  *See* ECF No. 1, ¶ 10.  Insight Institute of Neurosurgery & Neuroscience's website, including links to SE MI Hospital's website, is available at: https://www.iinn.com/.

Oct. 7, 2014), quoting <u>Nix v. Sword</u>, 11 Fed. App'x 498, 500 (6th Cir. 2001).  The

movant must "articulat[e] specific facts showing clearly defined and serious injury

resulting from the discovery sought and cannot rely on mere conclusory statements."

<u>Id</u>. (internal quotations omitted).  SE MI Hospital does not even attempt to meet its

burden and this standard, and it could not even if it did try, as the law clearly does

not support the relief sought by the Defendant's Motion.

### B.    SE MI HOSPITAL DOES NOT HAVE STANDING TO MOVE FOR THE RELIEF REQUESTED

"[A] party generally 'has no standing to seek to quash a subpoena directed to

a non-party.'" <u>Sys. Prods. & Solutions v. Scramlin</u>, 2014 U.S. Dist. LEXIS 109389,

*20 (E.D. Mich. Aug. 8, 2014), quoting <u>Underwood v. Riverview of Ann Arbor</u>,

2008 U.S. Dist. LEXIS 107323, *3 (E.D. Mich. Dec. 15, 2008).  "The party to whom

the subpoena is directed is the only party with standing to oppose it."  <u>Donahoo v.</u>

<u>Ohio Dep't of Youth Servs.</u>, 211 F.R.D. 303, 306 (N.D. Ohio 2002).  Google has not

moved to quash the subpoena or for a protective order.  Google has not objected at

all to the subpoena.  Not only does SE MI Hospital lack standing to raise any

argument as to the discovery request served on Google, the specific arguments it

raises are clearly inappropriate.  For example, SE MI Hospital repeatedly claims that

Google will be unduly burdened by responding to Allstate's subpoena.  *See, e.g.,*

ECF No. 65, PageID 987, 989.  This is almost certainly untrue as, upon information

and belief, Google can respond to this subpoena by running a simple query using its

software.  Regardless, it is improper for SE MI Hospital to make conclusory claims like this on behalf of a non-party.

The only exception to this rule denying standing arises when the moving party "can demonstrate a personal interest or claim a privilege." Scramlin, 2014 U.S. Dist. LEXIS 109389 at *20, citing Mann v. Univ. of Cincinnati, 114 F.3d 1188 (6th Cir. 1997).  SE MI Hospital has not even attempted to claim that either exception applies, nor could it because the subpoena seeks only non-content materials related to email addresses that were used to conduct SE MI Hospital's business.

### 1. SE MI Hospital Does Not Have a Privacy Interest in the Records Sought

In decision based on virtually identical facts, this District (Cleland, J.) denied a motion by RICO defendants to quash an insurer's subpoena to Google that (like the Allstate subpoena to Google in the instant case) requested "[a]ll usage records and metadata, including date, time, and To/From fields (if documents contain such fields), for all communication sent or received by [Defendant]…" during an eight-year time span.  Angelo, 2020 U.S. Dist. LEXIS 132230 at *3-*4.  In rejecting the defendants' arguments concerning confidentiality, privilege, and the work product doctrine, the court held:

> Defendants argue the non-content header information included in Plaintiff's subpoena contains confidential and privileged information. While protected matter need not be disclosed, the requested non-content header information here, including the date, time, and to/from fields from Defendants' Gmail accounts, is not protected information.

Plaintiff does not seek to disclose the content of any 'documents [or] tangible thing[] . . . prepared in anticipation of litigation.' _In re Prof'ls. Direct Ins. Co._, 578 F.3d at 438; Fed. R. Civ. P. 26(b)(3)(A). It requests merely basic identifying information for emails Defendants sent to third parties or other Defendants. That data is relevant because the third parties may be connected to alleged illegal activity that forms the basis of Plaintiff's claims, and timing of messages may shed light on any illegal scheme or conspiracy Defendants may have been involved in. _Oppenheimer Fund, Inc._, 437 U.S. at 351.

\*\*\*

The information Plaintiff requests in its subpoena is not confidential, privileged, or work product, and the court will not quash the subpoena.

Id. at \*6-\*7.  The exact same outcome is required in the instant case.

Because Allstate will not receive the content of the emails that are the subject of the subpoena to Google, SE MI Hospital's assertion that the information sought "is virtually certain to contain personal, confidential, and proprietary information, and would likely risk violating HIPAA" could not in fact happen.  _See_ ECF No. 65, PageID 989.  Beyond this conclusory and demonstrably false statement, SE MI Hospital provides no articulation of what privacy interest it has or how such interest would be violated by Allstate's subpoena, which is alone reason to deny Defendant's Motion for which it has the burden of proof.  _See_ Rivet, 316 Fed. App'x at 449.

SE MI Hospital does not appear to have performed even a cursory review of the Stored Communications Act, 18 U.S.C. §§ 2701, _et seq_. (despite being expressly directed to that statute by Allstate during the parties' conference about this motion), which protects the very privacy concerns it purports to invoke.  _See also_ Lucas v.

7

Jolin, 2016 U.S. Dist. LEXIS 64098, *14-*15 (S.D. Ohio May 16, 2016) ("The Stored Communications Act . . . generally prohibits any third party provider (such as Google) from releasing private communications . . ."). That SE MI Hospital filed this motion raising issues that are thoroughly addressed by a comprehensive federal statute without referring to that statute a single time is further evidence of the unfounded nature of its position.

### 2.  The Records Sought by Allstate Are Not Privileged

SE MI Hospital does not even attempt to identify an evidentiary privilege that prohibits disclosure of the non-content materials sought by Allstate's subpoena. Again, this alone is reason enough to deny Defendant's Motion, as Allstate and the Court should not be required to guess at what argument the movant is actually making.  *See* Rivet, 316 Fed. App'x at 449.  Evidentiary privileges are finite and narrowly construed.  "[I]n order to have a privacy interest or privilege in subpoenaed information such that Rule 45(c)(1)(A) applies, an origin for that interest or privilege must exist."  State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc., 2013 U.S. Dist. LEXIS 189646, *8 (E.D. Mich. Aug. 13, 2013).  Without any indication that there exists a recognized privilege in non-content material related to the business email addresses subject to Allstate's subpoena, SE MI Hospital cannot have standing to obtain the relief requested.

**C.**     **SE MI HOSPITAL CANNOT CLAIM AN UNDUE BURDEN ON GOOGLE**

The inapposite cases cited by SE MI Hospital's motion only address situations where courts have evaluated the burden imposed on third parties in responding to subpoenas.  *See* ECF No. 65, Page ID 988.  SE MI Hospital does not contend that it would be subject to any burden from Allstate's subpoena, nor could it.  Allstate's subpoena was served on Google and it is only Google that is required to marshal and produce the information sought.   The standard for evaluating a claimed undue burden under Fed. R. Civ. 45 illustrates the inapplicability of this concept to individuals and entities who have no obligation to prepare the subpoena response: "[i]f the subpoenaed non-party . . . asserts that disclosure would subject it to undue burden under Rule 45(d)(3)(A), it must show that disclosure will cause it a 'clearly defined and serious injury.'"  State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C., 315 F.R.D. 220, 224 (E.D. Mich. 2016), quoting In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234, 239 (E.D. Pa. 2014).  SE MI Hospital cannot show that it will suffer any injury at all in responding to Allstate's subpoena, because it has no obligation whatsoever to prepare any response.

**D.**     **THE SUBPOENAED DOCUMENTS ARE RELEVANT AND PROPORTIONAL**

The documents sought by Allstate's subpoena are proportional pursuant to Fed. R. Civ. P. 26:

> In assessing the proportionality the court should look to: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Pointe, 255 F. Supp. 3d at 704, quoting Rockwell Med., Inc. v. Richmond Bros., Inc., 2017 U.S. Dist. LEXIS 57313 (E.D. Mich. Apr. 14, 2017).  SE MI Hospital argues that the information requested in Allstate's subpoena is an "omnibus 'any and all'" request, and overly broad because it covers a nine (9)-year period or is unbounded in time.  *See* ECF No. 65, PageID 988-989.  The notion that requests for non-content email data is "omnibus" makes no sense.  Because no content has been requested and none will be produced, there is no content upon which to limit the request other than by email address and time span, which is exactly what Allstate did in its subpoena.

SE MI Hospital's argument that the time span is overly broad is disingenuous at best.  The nine (9) year period in the subpoena is the period of time at issue in this case due to SE MI Hospital's deliberate concealment of its fraud, and because this case, which was filed two (2) years ago, has been substantially delayed by SE MI Hospital's meritless motion to dismiss, which this Court denied in its entirety.  *See* ECF No. 49, PageID 785.  The court in Angelo declined to quash or modify a nearly identical subpoena requesting email data over an eight (8) year period.  2020 U.S. Dist. LEXIS 132230 at *4, *7.

10

In any event, SE MI Hospital has no standing to argue that the subpoena is overly broad. Nevertheless, Allstate sets forth a detailed analysis of why this information is proportional and crucial.

### 1. <u>Importance of Issues Pertaining to Healthcare and Insurance Fraud</u>

Allstate's Complaint alleges that SE MI Hospital engaged in a comprehensive fraudulent scheme to abuse Michigan's No-Fault system. *See* ECF No. 1, ¶¶ 41-88, 414-435, 457-463. The relief sought by Allstate in this matter is part of its effort to combat abuse of Michigan's No-Fault system, the effects of which are felt by all drivers in Michigan in the form of automobile insurance rates that are the highest in the country. Thus, the issues at stake in this action are tremendously important. *See, e.g.,* <u>Pointe</u>, 255 F. Supp. 3d at 707 ("defendants do not try to and could not plausibly make the argument that health care and insurance fraud do not present issues of public importance because they do").

### 2. <u>Amount in Controversy</u>

The amount in controversy is also significant. Allstate is seeking to recover direct damages in excess of $2,397,000 as well as trebled damages and attorney's fees under the RICO statute. Allstate also is seeking a declaratory judgment with respect to additional billing submitted to it by SE MI Hospital. Regardless of how the amount in controversy is calculated, it totals millions of dollars and Allstate's

subpoena for basic, non-content information pertaining to business email addresses used to conduct SE MI Hospital's business is proportional.

### 3.  <u>Importance of the Documents Sought by Allstate</u>

The importance of communications between a RICO enterprise and the individuals who conducted the enterprise through a pattern of racketeering activity cannot seriously be disputed.  In a similar healthcare fraud case involving RICO causes of action, this District expressly found that email correspondence pertaining to the operation of the scheme alleged was relevant and must be preserved. <u>Physiomatrix, Inc.</u>, 2013 U.S. Dist. LEXIS 189832 at *16.  Allstate requires the non-content material sought by this subpoena so it can identify specific relevant communications to tailor additional discovery requests to the participants in such communications to obtain their content.

### 4.  <u>The Parties' Resources and Burden</u>

Finally, the parties' resources and the expense of the proposed discovery are irrelevant to this motion.  Allstate's subpoena was served on a third party (which, again, has not objected to the subpoena in any way to date), and SE MI Hospital will not be required to expend any resources or bear any burden in response thereto.  As noted in <u>Pointe</u>, any assertion of burden "is entirely undeveloped and exacerbated by the fact that [the moving parties] cite no case law for the proposition that [the

moving parties] can object to a nonparty subpoena based on burden to them."  255 F. Supp. 3d at 707-708.

## IV.   <u>CONCLUSION</u>

SE MI Hospital perpetrated a scheme to defraud Allstate of millions of dollars in false claims for No-Fault benefits.  It filed a baseless motion to dismiss this case, which the Court rejected, and has since refused to meaningfully participate in discovery (*see, e.g.*, ECF No. 66).  SE MI Hospital now asks this Court to help it conceal the evidence of its fraud.  There is no legal or factual basis for the relief sought by SE MI Hospital, and Allstate respectfully requests that this Court deny Defendant's Motion in its entirety.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

KTM

*/s/ Andrew H. DeNinno*

_____
Nathan A. Tilden (P76969)
ntilden@ktmpc.com
Andrew H. DeNinno
adeninno@ktmpc.com
William G. Potter
wpotter@ktmpc.com
350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214

38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

*Attorneys for Allstate*

Dated: June 7, 2024

## **<u>CERTIFICATE OF SERVICE</u>**

I, Andrew H. DeNinno, hereby certify that on June 7, 2024, I electronically

filed the foregoing papers with the Clerk of the Court using the ECF system, which

will send notice of such filing to all counsel of record.

KTM

*/s/ Andrew H. DeNinno*

_____

Andrew H. DeNinno
adeninno@ktmpc.com
38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214