# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Allstate Insurance Company;
Allstate Fire and Casualty Insurance
Company; and Allstate Property and
Casualty Insurance Company,

    Plaintiffs,

v.

Southeast Michigan Surgical Hospital, LLC, et al.,

    Defendants.

Case No.: 2:22-cv-11684
District Judge: Stephen J. Murphy, III
Magistrate Judge: Elizabeth A. Stafford

| KING, TILDEN, MCETTRICK & BRINK, P.C. | CHAPMAN LAW GROUP |
|---|---|
| Nathan A. Tilden (P76969) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Andrew H. DeNinno (MA Bar No. 568940) | John C. Cardello (P85082) |
| William G. Potter (MA Bar No. 664302) | *Attorneys for Southeast Michigan Surgical Hospital, LLC* |
| *Attorney for Plaintiffs* | 1441 West Long Lake Rd., Suite 310 |
| 38777 Six Mile Rd., Ste. 314 | Troy, MI 48098 |
| Livonia, MI | (248) 644-6326 |
| (734) 521-9000 | rchapman@chapmanlawgroup.com |
| ntilden@ktmpc.com | jcardello@chapmanlawgroup.com |
| adeninno@ktmpc.com | |
| wpotter@ktmpc.com | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM AND FOR COSTS AND SANCTIONS AGAINST DEFENDANT [ECF No. 66]**

NOW COMES Defendant SOUTHEAST MICHIGAN SURGICAL HOSPITAL, L.L.C., by and through its counsel, CHAPMAN LAW GROUP, and for its Response to Plaintiffs' Motion to Compel Discovery from and for Costs and Sanctions Against Defendant, states as follows:

1

1. Defendant contends that by agreement of the parties, discovery has been stayed during settlement negotiations being conducted with Hon. Victoria Roberts.

2. Defendants have not waived any objections made to Plaintiffs' discovery requests.

3. Defendants address Plaintiffs' arguments regarding specific discovery requests in the accompanying brief.

WHEREFORE, Defendant SOUTHEAST MICHIGAN SURGICAL HOSPITAL, L.L.C., respectfully requests that this Honorable Court deny Plaintiffs' Motion to Compel.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 20, 2024

/s/ *John C. Cardello*
Ronald W. Chapman Sr. M.P.A., LL.M. (P37603)
John C. Cardello (P58082)
Attorneys for Defendant Southeast Michigan Surgical Hospital
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jcardello@chapmanlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Allstate Insurance Company;
Allstate Fire and Casualty Insurance
Company; and Allstate Property and
Casualty Insurance Company,

    Plaintiffs,

v.

Southeast Michigan Surgical Hospital, LLC, et al.,

    Defendants.

Case No.: 2:22-cv-11684
District Judge: Stephen J. Murphy, III
Magistrate Judge: Elizabeth A. Stafford

| KING, TILDEN, MCETTRICK & BRINK, P.C. | CHAPMAN LAW GROUP |
|---|---|
| Nathan A. Tilden (P76969) | Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) |
| Andrew H. DeNinno (MA Bar No. 568940) | John C. Cardello (P85082) |
| William G. Potter (MA Bar No. 664302) | *Attorney for Southeast Michigan Surgical Hospital, LLC* |
| *Attorney for Plaintiffs* | 1441 West Long Lake Rd., Suite 310 |
| 38777 Six Mile Rd., Ste. 314 | Troy, MI 48098 |
| Livonia, MI | (248) 644-6326 |
| (734) 521-9000 | rchapman@chapmanlawgroup.com |
| ntilden@ktmpc.com | jcardello@chapmanlawgroup.com |
| adeninno@ktmpc.com | |
| wpotter@ktmpc.com | |

**BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM AND FOR COSTS AND SANCTIONS AGAINST DEFENDANT [ECF No. 66]**

**PROOF OF SERVICE**

i

## **STATEMENT OF ISSUES PRESENTED**

1. Did Defendant waive the objections made to Plaintiff's discovery requests?

    Plaintiffs answer: Yes

    Defendant answers: No

2. Is discovery stayed by agreement of the parties during settlement negotiations?

    Plaintiffs answer: No

    Defendant answers: Yes

3. Should the Court order that Defendant produce the documents requested by Plaintiff?

    Plaintiffs answer: Yes

    Defendant answers: No

4. Should the Court order Defendant to respond to Plaintiff's Interrogatories?

    Plaintiffs answer: Yes

    Defendant answers: No

5. Should the Court award Plaintiff costs and attorney's fees?

    Plaintiffs answer: Yes

    Defendant answers: No

## CONTROLLING AUTHORITY FOR RELIEF SOUGHT

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

A party seeking discovery may move for an order compelling an answer, designation, production or inspection. Fed. R. Civ. P. 37. "[B]efore filing a motion to compel, the moving party must, 'in good faith,' attempt to confer with the 'party failing to' provide discovery materials 'in an effort to' resolve the dispute 'without court action.'" *Ryan v. Nagy*, 2022 WL 21988830, at *2 (E.D. Mich. Oct. 11, 2022)

1

(citing Fed. R. Civ. P. 37). "A 'certification' of these efforts must be included in the motion to compel." *Id.*

2

## I. STATEMENT OF FACTS

Plaintiffs' first interrogatories and requests for production of documents to Defendant were submitted on November 30, 2023. Per agreement of the parties, Defendant's responses were due on January 30, 2024. On January 31, 2024, Plaintiff's counsel inquired as to the status of the responses.

> Good morning –
>
> The responses to Allstate's discovery were due yesterday pursuant to the extension documented below. Can you please let me know what the status is and when you intend to serve the responses.
>
> Also, it has now been 20 days since I requested dates of availability for the deposition of Mr. Bawahab. If you would like to provide dates that accommodate the witness, please send them by tomorrow. Otherwise, we will need to just select a date.
>
> Thank you,
>
> Andrew DeNinno

Counsel for Defendants responded that answers to the interrogatories would be submitted on February 1, 2024, and that Defendants were still in the process of locating and producing the requested documents.

> Andrew
>
> I should have ROGS by tomorrow. We are still pulling docs for RTP.
>
> Ron

3

Defendant's answers to the interrogatories were indeed submitted on February 1, 2024, and documents were produced on February 14, 2024.

It is important to note that Plaintiffs' first request for production of documents consists of 41 demands that are so broad, burdensome, and overreaching as to stretch any argument of necessity. Furthermore, many requests are ambiguous or demand information that it would be virtually impossible to produce.

On or about April 18, 2024, the parties entered into a mediation agreement with Hon. Victoria Roberts (Ret.). The parties verbally agreed to stay discovery until the conclusion of the mediation and settlement efforts. Those negotiations are ongoing. For example, on June 5, 2024, Defendant made a settlement offer to Plaintiffs. On or about June 10, 2024, Plaintiffs responded by requesting "more clarity" regarding the offer. The same day, Defendant produced significant medical records via a DropBox link to Plaintiffs' counsel. As of this writing, Defendant has produced additional documents including among other things an Inventory Item Dictionary consisting of 3879 pages, a spreadsheet of patients, procedures, and payments consisting of 1152 lines of data entries, and an employee roster with information about 159 individuals. Production is ongoing.

Finally, Plaintiffs' claim that it "proposed a comprehensive stipulation to address deficiencies with SE MI Hospital's responses and set deadline related thereto, but SE MI Hospital flatly advised that it would not agree to a stipulation" is

disingenuous. In fact, Plaintiffs presented a proposed stipulation and order that would have put an unrealistically short deadline for the production the voluminous records requested. An ultimatum in the form of a proposed stipulation and order is not a "good faith" attempt to resolve discovery issues, particularly with ongoing settlement negotiations.

## II. LAW AND ARGUMENT

### A. Discovery Is Stayed

As stated above, settlement negotiations involving Judge Victoria Roberts are ongoing. The parties agreed that discovery is stayed during efforts to resolve the case. Defendants made a settlement offer as recently as June 5, 2024, to which Plaintiffs responded requesting more specific information on June 10, 2024. There is no indication that all prospects of settlement are exhausted. As such, Plaintiffs' motion to compel is premature and contrary to the understanding of the parties.

### B. Defendant's Objections are Not Waived

Federal Rule of Civil Procedure 33 governs interrogatories, and Federal Rule of Civil Procedure 34 governs document production. Both Rules establish a thirty-day deadline for responses, and Rule 33 explicitly notes that untimely objections "[are] waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). District courts in the Sixth Circuit have held that the waiver applies to both Rule 33 interrogatories and Rule 34 document production requests. *Caldwell v.*

*9173-7999 Quebec, Inc.*, No. 18-cv-12752, 2019 U.S. Dist. LEXIS 217953, *3 (E.D. Mich. Dec. 19, 2019).

Before waiving a party's discovery objections, however, courts must first determine that the waiver is "equitable." *Id.* (citing *Carfagno v. Jackson Nat. Life Ins. Co.*, No. 99-118, 2001 U.S. Dist. LEXIS 1768, *1 (W.D. Mich. Feb. 13, 2001)). That is, courts should "examine the circumstances of each case, including the reason for the tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests." *Id.*

There is no merit to Plaintiff's argument that Defendant's objections to discovery should be waived. The interrogatories were answered 2 days after the deadline. Furthermore, given the overly broad and disproportionate nature Plaintiff's documents request, Plaintiff's response only 2 weeks after the deadline was understandable. Counsel for Defendant indicated to Plaintiffs' counsel that documents were still being located for production, indicating that good faith efforts were being made. In any case, Plaintiff has not and cannot show prejudice. Voluminous records continue to be produced since the filing of this motion.

C. <u>Answers and Objections to Interrogatories</u>

The primary argument made by Plaintiffs regarding interrogatories is not that Defendant did not answer, but the Plaintiff simply doesn't like the answer, or

6

believes that there is some different answer. This, however, does not serve as an appropriate basis for a motion to compel.

For example, in response to Interrogatory No. 2 requesting the identification of Defendant's owners, members, and managers, Defendant in fact provided names and contact information. Plaintiffs' argument regarding an ownership change is irrelevant.

Interrogatory No. 3, requesting individuals employed or contracted by Defendant, has been addressed by Defendant's production of an employee roster.

Interrogatory No. 5 requests a description of how Defendant obtained patients. This question is vague and ambiguous at best. Nevertheless, in an attempt to answer the question, Defendant stated that it did not have such information. Plaintiffs may not like this answer, but Defendant cannot produce information that doesn't exist.

Regarding Interrogatory No. 8 regarding gross revenue, Defendant stands by its objection.

Interrogatory No. 11 asks for the identity of Defendant's medical director during times relevant. Defendant identified the individual. Plaintiff seems unsatisfied with this answer.

Interrogatory No. 13 asks for the identity of the person(s) responsible for "creating the bills submitted" to Plaintiff. Defendant objected based on the

7

ambiguity of the term "creating" and explained that typically physicians fill out their own billing documents.

Defendant stands by its objection to Interrogatory No. 14, requesting the amount of money Defendant received from Plaintiff. Plaintiff is clearly in possession of this information.

Defendants stands by its objections to Interrogatory Nos. 17 and 18, requesting information about Defendant's accountants and all financial institutions is not proportionate to this case.

Finally, Interrogatory No. 19, requesting the identification of "all electronic addresses used in connection with any business conducted by SE MI Hospital during the Relevant Period, including identifying the individual(s) associated with each such electronic mail address and their role with SE MI Hospital" is too broad and vague. It would be virtually impossible to identify every email address ever sent from, received by, or responded to by Defendant, much less identify the "role" of each individual address.

D. <u>Request for Production</u>

As previously stated, Plaintiffs' first request for production of documents consists of 41 demands that are so broad, burdensome, and overreaching as to stretch any argument for necessity. Furthermore, many requests are ambiguous or demand information it would be virtually impossible to produce. Nevertheless, Defendant

8

has produced literally thousands of pages of responsive documents with further production ongoing.

Although the Federal Rules "do not explicitly limit the number of document requests one party may serve on another, the Court holds 'wide-ranging authority' to 'set reasonable limits' on requests for production, 'prescribing the number and type of requests that a party may propound.'" *Fluker v. Dunn*, No. 2:23-cv-10617, 2024 U.S. Dist. LEXIS 21557, *14 (E.D. Mich. Feb. 7, 2024) (quoting *Olsen v. J.W. Didado Elec.*, No. 18-292, 2019 U.S. Dist. LEXIS 240969, at *1). A court's decision to limit interrogatories or requests for production should be guided by Rule 26(b), considering the risk of cumulative, duplicative, or unduly burdensome discovery. *Id.*

In their Motion, Plaintiffs particularly complain that Defendant "has not produced a single email or text message." Many of the requests, however, are vague and unduly burdensome. Furthermore, it is simply not possible to find responsive documents for many of the requests as written.

For example, Request No 14 demands "Agreements, documents, and communications between SE MI Hospital and any entity that provided funding or factoring related to SE MI Hospital's accounts receivable, or who purchased SE MI Hospital's accounts receivable, during the Relevant Period." Nevertheless, Defendant is not able to conduct a mass search of its entire system for such information. This request must be limited to specific individuals within SE MI

9

Hospital whose accounts could be searched. The same is true of Requests Nos. 23 and 24 which ask for communication with other named defendants and entities.

Regarding Plaintiffs' complaint that it has not received patient files per Request No. 3, Defendant has forwarded approximately 130 records as of this writing.

Like Defendant's objections to Interrogatory Nos. 17 and 18, Defendant stands by its objections to Requests Nos. 25, 26, and 32, requesting all tax returns and documents, all documents related to all financial accounts, and all general legers, balance sheets, profit and loss statements, income statements, annual budgets, and disbursement logs. Plaintiffs have filed a narrow case with narrow damages associated with specific patients. These requests are overly broad, oppressive and designed to harass.

Regarding Request No. 3, demanding all personnel files, Defendant stands by its objection regarding that this is irrelevant, unduly burdensome and not narrowly tailored to the needs of the case. Defendant has submitted an employee roster.

Request No. 16 is ambiguous and not capable of being responded to in the form written. Documents and communications related to how Defendant determined billing codes is contained in published information that Plaintiff is aware of.

Defendant contends that it has already provided the information in Plaintiffs' Request No. 30.

Defendant contends that it has already provided the information in Plaintiffs Request No. 34.

Defendant has not located documents responsive to Plaintiffs' Request No. 37.

In sum, discovery is stayed by agreement of the parties as settlement negotiations are on-going with Hon. Victoria Roberts. Defendant has not waived objections to its responses to interrogatories and requests for production given the nature of the discovery and the lack of prejudice to Plaintiff's. Defendant has already produced voluminous amounts of documents with production ongoing.

## CONCLUSION AND RELIEF SOUGHT

WHEREFORE, Defendant SOUTHEAST MICHIGAN SURGICAL HOSPITAL, L.L.C., respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 20, 2024

/s/ *John C. Cardello*
Ronald W. Chapman Sr. M.P.A., LL.M. (P37603)
John C. Cardello (P58082)
Attorneys for Defendant Southeast Michigan Surgical Hospital
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jcardello@chapmanlawgroup.com

11

## **PROOF OF SERVICE**

I hereby certify that on June 20, 2024, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein.

                                                  /s/ *Ronald W. Chapman, Sr.*
                                                  Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
                                                  1441 West Long Lake Rd., Suite 310
                                                  Troy, MI 48098
                                                  rchapman@chapmanlawgroup.com