UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC,<br><br>　　　　　　　Defendant. | C.A. No. 2:22-cv-11684-SJM-EAS |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM AND FOR COSTS AND SANCTIONS AGAINST DEFENDANT SOUTHEAST MICHIGAN SURGICAL HOSPITAL, LLC**

# **TABLE OF CONTENTS**

Table of Contents ...................................................................................................i

**Reply in Support of Motion to Compel** ................................................................1

    I.     Introduction ........................................................................................1

    II.    The Information and Documents Sought by Allstate Are Relevant and Discoverable ......................................................................................3

    III.   Misrepresentations in Opposition.......................................................6

    IV.   Conclusion .........................................................................................7

Plaintiffs Allstate Insurance Company and its affiliates (collectively, "Allstate") hereby submit the within reply support of their motion to compel interrogatory responses and production of documents from and for costs and sanctions against defendant Southeast Michigan Surgical Hospital, LLC ("SE MI Hospital"). *See* ECF No. 66.

## I.   INTRODUCTION

Discovery in this action is not stayed. There is no order staying any aspect of this case, including discovery. The only order addressing discovery is the scheduling order that was entered on November 29, 2023 setting a discovery deadline of December 31, 2024. *See* ECF No. 58. This means that the discovery period is more than half over and Allstate still has not begun to receive the basic information and materials that it requires to prepare and present its case, despite serving its discovery requests nearly seven (7) months ago. *See* ECF Nos. 66-2 and 66-3.

SE MI Hospital also clearly knows that discovery is not stayed, as it served discovery requests on Allstate on June 7, 2024 (*see* Exhibit A), filed a motion to quash without raising such argument on June 5, 2024 (*see* ECF No. 65), and produced (incomplete, as detailed below) patient files on June 10, 2024 (*see* ECF No. 68, PageID 1134), making this argument disingenuous at best. Allstate also repeatedly communicated to SE MI Hospital that it would need to pursue responses to its discovery due to the extraordinary slow pace of SE MI Hospital's responses to

1

Allstate's settlement proposals, including during an extensive conference on May 31, 2024 to discuss documents SE MI Hospital failed to produce that was both preceded and followed by several emails addressing the same, and during which it was never even suggested that discovery was somehow stayed. *See* Exhibits B and C.

Allstate continues to hope that SE MI Hospital will engage in settlement discussions in good faith but as clearly communicated in the correspondence at Exhibits B and C, it can no longer wait at the expense of actually preparing to try its case. SE MI Hospital's recounting of a settlement communication sent on June 10, 2024 (which oddly uses quotation marks to invent a term ("more clarity") that was not used at all) exemplifies the problem Allstate faces.[1] That communication from Allstate actually advised SE MI Hospital that its settlement offer is "too vague to assess" and that although Allstate hopes to continue discussions, it cannot respond without specific details. It has now been nearly another two (2) weeks since that communication with no response at all, illustrating the necessity that Allstate move forward with developing the evidence needed to present its case to the jury.

---

[1] SE MI Hospital's timeline of the parties' mediation with the Hon. Victoria Roberts (Ret.) is also inaccurate. The parties actually engaged Judge Roberts in February 2024, had an in-person mediation on April 22, 2024, and engaged in further discussions for over a month following that date before Allstate repeatedly advised SE MI Hospital that it reached the point where it needed to move forward with discovery.

2

**II.     THE INFORMATION AND DOCUMENTS SOUGHT BY ALLSTATE ARE RELEVANT AND DISCOVERABLE**

SE MI Hospital's opposition is notable for the absence of any counter to Allstate's meticulous explanation of how the information and documents sought by its discovery requests are relevant and proportional to the issues in this litigation. Rather than address the actual claims and defenses and the caselaw addressing the scope of discovery in similar cases, SE MI Hospital merely reiterates its conclusory (and obviously false) statement that Allstate filed a "narrow case" and therefore is not entitled to categories of discovery.  *See* ECF No. 68, PageID 1140.  Allstate's motion – which, unlike SE MI Hospital's opposition, addresses proportionality as required by the Federal Rules of Civil Procedure – details why its allegations and the issues they raise are not "narrow."  *See* ECF No. 66, PageID 1012-1016.  At a more basic level, Allstate's Complaint is 119 pages long and sets forth in meticulous detail how SE MI Hospital and six (6) named co-defendants (along with countless other medical providers and associates) used many different methods to fraudulently bill Allstate many millions of dollars and induce payments exceeding $2 million. Allstate's case is not "narrow" in any way.

SE MI Hospital's response to Allstate's positions about individual discovery requests also do no more than repeat the conclusory and inapplicable objections that led to Allstate's motion in the first place.  For example, in response to Allstate's page-long explanation with citations to caselaw squarely explaining why it is entitled

3

to information pertaining to the source of SE MI Hospital's revenue in response to Interrogatory No. 8 (*see* ECF No. 66, PageID 1020), SE MI Hospital responds only that it "stands by its objection" (*see* ECF No. 68, PageID 1137). It is completely unclear how or why SE MI Hospital simply stands by its conclusory objection in the face of Allstate's detailed explanation establishing that it is entitled to the information and neither the Court nor Allstate should be required to guess (or be ambushed by a more comprehensive position at oral argument).

Similarly, many of SE MI Hospital's "arguments" are simply flippant statements such as that Allstate "seems unsatisfied" with its answer, including with respect to Interrogatory No. 11, which seeks the identity of SE MI Hospital's medical directors for the period at issue. *See* ECF No. 68, PageID 1137. Allstate's motion does not say that it is "unsatisfied," it explains that providing only the name of the current medical director and not identifying those who were purportedly supervising the vast majority of the medical treatment at issue in this litigation is inappropriate and incomplete. *See* ECF No. 66, PageID 1021. SE MI Hospital does not seriously contest the relevance or discoverability of this information because it is clearly highly relevant and it should have been provided to Allstate many months ago. Among other things, SE MI Hospital's unjustified refusal to provide this information is preventing Allstate from conducting depositions of the individuals who were responsible for the medical treatment at issue in this case.

4

SE MI Hospital's opposition also illustrates the impossible circular arguments it is using to obstruct and delay Allstate's discovery.  As explained in Allstate's motion, SE MI Hospital refuses to identify its employees or disclose the email addresses that were used to conduct its business.  *See, e.g.,* ECF No. 66, PageID 1017, 1019.  SE MI Hospital's opposition confirms that it will not voluntarily produce this information.  *See* ECF No. 68, PageID 1138.  SE MI Hospital then argues that it cannot find (and will not search for) communications responsive to several of Allstate's requests for production because it has not been told whose electronically-stored information to search.  Id. at 1139-1140.  Obviously, Allstate cannot identify specific custodians when SE MI Hospital refuses to provide any information about potential custodians, and it is far too late in the discovery process to indulge this type of delay tactic.

SE MI Hospital's opposition also fails to address at all many of the requests for production raised by Allstate's motion, including requests for production nos. 6, 15, 17, 18, 28, 40, and 41.  Notably, this was not because SE MI Hospital did not have space to address these arguments as its response brief is only eleven (11) pages long.  To the extent that the Court finds the defendant did not already waive its objections due to its untimely answers, any arguments that have not been developed at all certainly must be deemed waived now.

### III. <u>MISREPRESENTATIONS IN OPPOSITION</u>

In addition to the argument that discovery is somehow stayed, which is at best disingenuous as explained above, SE MI Hospital's opposition makes several other misrepresentations about what has actually been produced to Allstate. SE MI Hospital claims, without evidence, that it has produced a list of documents including an employee roster, payment information, and a "dictionary." *See* ECF No. PageID 1134. Allstate has not actually received any of these documents. Many of these phantom documents are referenced again in SE MI Hospital's responses addressing Allstate's specific discovery requests. *See*, *e.g.*, <u>id</u>. at PageID 1137.

SE MI Hospital also claims that it produced "approximately 130 records" that it suggests constitute patient files. <u>Id</u>. at PageID 1140. In reality, SE MI Hospital has produced documents pertaining to only 81 patients that are clearly incomplete as they lack, *inter alia*, bills or internal notes about the patients or the treatment allegedly rendered. Further, these incomplete records for far less than the number of patients expressly identified by Allstate's Complaint (*see* ECF No. 1-2) were only produced after missing at least two (2) deadlines that SE MI Hospital itself set and only after Allstate filed this motion to compel. *See* Exhibits C (advising that SE MI Hospital would begin producing patient files on June 3, 2024, which did not happen) and D (advising that the records should be produced June 7, 2024, which also did not happen). As admitted by SE MI Hospital's opposition, the incomplete patient

6

records were not actually produced until June 10, 2024, which was <u>after</u> Allstate was constrained to file this motion. *See* ECF No. 68, PageID 1134.

### IV. **CONCLUSION**

Allstate had diligently attempted to obtain basic discovery information and materials from SE MI Hospital since the day discovery opened in this matter. With the discovery period now more than half over, Allstate respectfully asks the Court to step in and order SE MI Hospital to produce the information and documents addressed by Allstate's motion, all of which are relevant, proportional, and discoverable in this matter.

Respectfully submitted,
KTM
*/s/ Andrew H. DeNinno*
_____
Nathan A. Tilden (P76969)
ntilden@ktmpc.com
Andrew H. DeNinno
adeninno@ktmpc.com
William G. Potter
wpotter@ktmpc.com
350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214

38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000
*Attorneys for Allstate*

Dated: June 21, 2024

7

## **CERTIFICATE OF SERVICE**

I, Andrew H. DeNinno, counsel for the plaintiffs, hereby certify that on June 21, 2024, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.

KTM

*/s/ Andrew H. DeNinno*

_____
Andrew H. DeNinno
adeninno@ktmpc.com
38777 Six Mile Road, Suite 314
Livonia, MI 48152
(734) 521-9000

350 Granite Street, Suite 2204
Braintree, MA 02184
(617) 770-2214