# EXHIBIT C

| | |
|---|---|
| **From:** | Ronald Chapman Sr. |
| **To:** | Andrew H. DeNinno |
| **Subject:** | RE: Allstate/SE MI Hospital |
| **Date:** | Wednesday, June 5, 2024 9:28:18 AM |
| **Attachments:** | image001.png |
| | image004.png |
| | image009.png |
| | image012.png |
| | image003.png |
| | image005.png |
| | image006.png |
| | image007.png |

Andrew

    I cannot agree to a stipulated order at this time.

Ron

### RONALD W. CHAPMAN SR., MPA, LL.M. | Founding Shareholder, President & CFO

FREE ULTIMATE HEALTHCARE COMPLIANCE GUIDE!

Florida: 6841 Energy Ct., Sarasota, FL 34240
941.893.3449 (o)  248-227-4021 (c)

Michigan: 1441 West Long Lake Rd., Ste. 310, Troy, MI 48098
248.644.6326

Email: rchapman@chapmanlawgroup.com
Web: www.chapmanlawgroup.com

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error, please immediately notify us at (248) 644-6326.



**From:** Andrew H. DeNinno <adeninno@ktmpc.com>
**Sent:** Tuesday, June 4, 2024 11:32 AM
**To:** Ronald Chapman Sr. <rchapman@chapmanlawgroup.com>

**Subject:** RE: Allstate/SE MI Hospital

Good morning Ron –

Following up on the below and attached. I understand that there are going to be some areas of disagreement that remain, but it would be helpful (and required) to narrow the scope of any dispute brought before the Court if your client does intend to produce any of the documents referenced in the attached proposed stipulation.

Also, I did not receive any medical records yesterday. I assume these will be transmitted through a file sharing system and I want to make sure I did not miss a link or notification. Please let me know if I should have received something.

Thank you,
Andrew

---

**From:** Andrew H. DeNinno
**Sent:** Monday, June 3, 2024 9:12 AM
**To:** Ronald Chapman Sr. <rchapman@chapmanlawgroup.com>
**Subject:** RE: Allstate/SE MI Hospital

Ron –

Thank you for the update. I went ahead and prepared a stipulation addressing the other requests and issues we discussed on Friday. I understand that you needed to speak with your client about several of these, but we need to know what discovery is actually in dispute so please review and let me know which items your client will agree to produce and which it intends to maintain objections. If your client agrees to produce all of the responses, please let me know if I have permission to insert your signature and submit to the Court. Otherwise, please redline to reflect what your client is willing to produce and send back.

Thanks,
Andrew

---

**From:** Ronald Chapman Sr. <rchapman@chapmanlawgroup.com>
**Sent:** Friday, May 31, 2024 2:37 PM
**To:** Andrew H. DeNinno <adeninno@ktmpc.com>
**Subject:** RE: Allstate/SE MI Hospital

Andrew I will start sending some medical records on Monday and work to obtain as many as we have

**RONALD W. CHAPMAN SR., MPA, LL.M.** | Founding Shareholder, President & CFO

FREE ULTIMATE HEALTHCARE COMPLIANCE GUIDE!

Florida: 6841 Energy Ct., Sarasota, FL 34240
941.893.3449 (o)  248-227-4021 (c)

Michigan: 1441 West Long Lake Rd., Ste. 310, Troy, MI 48098
248.644.6326

Email: rchapman@chapmanlawgroup.com
Web: www.chapmanlawgroup.com

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error, please immediately notify us at (248) 644-6326.



**From:** Andrew H. DeNinno <adeninno@ktmpc.com>
**Sent:** Friday, May 31, 2024 1:36 PM
**To:** Ronald Chapman Sr. <rchapman@chapmanlawgroup.com>
**Subject:** Allstate/SE MI Hospital

Good afternoon Ron –

Thank you again for your time on the call this morning to discuss Allstate's discovery requests and your client's responses.  Below and attached are the items we discussed following up on through email.

- You indicated that you discuss with your client and get back to me this afternoon regarding its position on producing patient files.  These are sought by Request for Production 6.  If your client is willing to agree to produce these, Allstate will agree to stipulate that the files will be produced by a specific date within the next two (2) weeks and defer raising the issue through a motion to compel (this is the course of action expressly contemplated by Local Rule 7.1).
- My understanding is that absent further narrowing by Allstate, your client is maintaining its objections to producing communications responsive to Requests for Production 14, 17, and 18.  Allstate's position remains that these are narrowly tailored by the requests themselves.
- You indicated that you will check with your client on the responses to requests (Requests for Production 23, 24, 29, and 37) for which it indicated it is searching for responsive documents.  As with the patient files, Allstate will agree to stipulate to

- production of these materials in the near future.
- You indicated that your client will maintain its objections to Requests for Production 25 (tax records), 26 (financial records), and 32 (accounting records).
- During our discussion of Allstate's Request for Production 27, you asked me to send a copy of the recent decision by Judge Berg holding that payments made by Allstate, including as settlements, are recoverable damages in fraud cases like this. That decision is attached (see starting on page 25).  After review, please let me know if your client will produce documents responsive to this Request and Allstate will agree to a stipulation to produce the documents to avoid raising this issue in a motion to compel.
- During our discussion of Allstate's Request for Production 28, I suggested that your client may have a Quickbooks (or similar software) inquiry it can run to produce what it believes is the outstanding AR for bills submitted to Allstate.  You indicated that you will check with your client.  After you do so please let me know if your client will produce documents responsive to this Request and Allstate will agree to a stipulation to produce the documents to avoid raising this issue in a motion to compel.
- With respect to Allstate's Request for Production 30, I explained that your client has produced far more detailed itemizations of its bills in its litigation than what it sends to Allstate with its claims.  Attached is an example.  After review, please let me know if your client will produce documents responsive to this Request and Allstate will agree to a stipulation to produce the documents to avoid raising this issue in a motion to compel.
- I mentioned in our discussion about Allstate's Request for Production 31 that cost information is discoverable pursuant to Michigan law.  The cite to the case is: Spectrum Health Hosps. v. Farm Bureau Mut. Ins. Co., 2020 Mich. App. LEXIS 5804, *53-*57 (Sept. 3, 2020).  After review, please let me know if your client will produce documents responsive to this Request and Allstate will agree to a stipulation to produce the documents to avoid raising this issue in a motion to compel.
- With respect to Request for Production 34, you indicate that you will check with your client to ascertain whether there are responsive contracts to any others on the list, specifically including Siva Sripada, D.O. (the current medical director of your client) and Claims Reimbursement Specialists (a biller of your client).  After you do so please let me know if your client will produce documents responsive to this Request and Allstate will agree to a stipulation to produce the documents to avoid raising this issue in a motion to compel.
- I explained during our discussion of Request for Production 35 that Allstate is seeking invoices of cash payments who are NOT Allstate insureds as those are necessary to evaluate whether the charges to Allstate were customary.  You indicated that you will check with your client to see if they have responsive documents.  After you do so please let me know if your client will produce documents responsive to this Request and Allstate will agree to a stipulation to produce the documents to avoid raising this issue in a motion to compel.
- We discussed Requests for Production 3 and 4 together and I proposed that if your client produces Allstate with a roster of employees (RPD 4), Allstate will narrow its request for personnel files (RPD 3) to remove those employees that do not appear to be likely to have evidence relevant to the claims at issue.  You indicated that you will check with your client to see if they have a roster they will produce.  After you do so please let me know if your client will agree to this proposal as Allstate will agree to stipulate to the same.

I will begin preparing a stipulation addressing the issues where we may reach an agreement pending your discussions with your client and will circulate that shortly.

Thanks,
Andrew

**Andrew H. DeNinno**
Shareholder
**EMAIL** adeninno@ktmpc.com



350 Granite Street, Suite 2204, Braintree, MA 02184
**TEL** 617.770.2214   **CELL** 781.664.4146   **FAX** 617.774.1714

**ktmpc.com**

The information transmitted by this email is intended only for the person or entity to which it is addressed. This email may contain proprietary, business-confidential, and/or privileged material. If you are not the intended recipient of this message, be aware that any use, review, retransmission, distribution, reproduction, or any action taken in reliance upon this message is strictly prohibited. If you received this email in error, please contact the sender and delete the material from all computers. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of King, Tilden, McEttrick & Brink, P.C. ("KTM"). Computer viruses may be transmitted via email. You should check this email and any attachments for the presence of viruses. KTM accepts no liability for any damage caused by any virus transmitted by this email. Neither this email nor any attachment hereto constitutes or contains an electronic signature, unless a specific statement to the contrary is contained herein or a valid VeriSign Digital Signature Certificate is included. This email does not establish a contract or engagement. This email does not create an attorney-client relationship.

The information transmitted by this email is intended only for the person or entity to which it is addressed. This email may contain proprietary, business-confidential, and/or privileged material. If you are not the intended recipient of this message, be aware that any use, review, retransmission, distribution, reproduction, or any action taken in reliance upon this message is strictly prohibited. If you received this email in error, please contact the sender and delete the material from all computers. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of King, Tilden, McEttrick & Brink, P.C. ("KTM"). Computer viruses may be transmitted via email. You should check this email and any attachments for the presence of viruses. KTM accepts no liability for any damage caused by any virus transmitted by this email. Neither this email nor any attachment hereto constitutes or contains an electronic signature, unless a specific statement to the contrary is contained herein or a valid VeriSign Digital Signature Certificate is included. This email does not establish a contract or engagement. This email does not create an attorney-client relationship.